ASA JONES v. CITY OF GREENSBORO.

(Decided March 28, 1899).

*Negligence—Defect in Street—Burden of Proof.*

The burden of showing defects and dangers in the public streets, causing injury, and also notice thereof, express or implied, rests upon the plaintiff.

CIVIL ACTION for damages for personal injuries, occasioned by reason of a dead limb falling on plaintiff from a shade tree on sidewalk of a street in Greensboro, tried before *Robinson, J.,* at February Term, 1898, of GUILFORD Superior Court.

There was evidence of the injury and of the cause.    The defense was, that the defendant had no notice of the defective condition of the tree.

Two issues were submitted to the jury:

1. Was the plaintiff injured by the negligence of the defendant?

2. In what amount, if any, is plaintiff damaged?

The defendant asked the following special instruction: That if the jury shall find that the defendant had no notice, actual or implied, of the alleged defect, they should answer the first issue, No.

His Honor declined to give the instruction. Defendant excepted.

Both issues were found in favor of plaintiff and judgment rendered for the damages assessed, $1,000.

Defendant appealed.

*Mr. A. M. Scales,* for defendant (appellant).
*Mr. J. A. Barringer,* for plaintiff.

FAIRCLOTH, C. J. The defendant is a duly organized municipal corporation, and derives its powers and duties from its charter and the general statutes, The Code, chapter 62. By The Code, section 3803, it is required to keep the streets and the bridges in the town in proper repair, in the manner and to the extent it may deem best, and by The Code, section 3802, as well as by the common law, it may abate or prevent nuisances of any kind, and by section 60 of its charter, the Board of Aldermen shall macadamize and pave the streets and sidewalks....protect the shade-trees of the city; and an ordinance provides that the trees shall be trimmed only with the permission of, and under the direction of the street committee.

The plaintiff was walking on one of the sidewalks, when a limb fell from a tree standing on the edge of the sidewalk and injured him. The limb fell from fifteen to twenty-five feet out of the top of the tree. It is not alleged that the limb was dead, but it seems to have been treated as a dead limb during the trial. There was no evidence to show whether the

limb was decayed or whether it fell of its own weight or fell in a storm. There was no evidence that any citizen or any one else had ever noticed the limb before it fell. One of the plaintiff's witnesses testified that he never saw the dead limbs in this tree prior to the time plaintiff was injured, although he had frequently passed it.

The general duties, powers and liabilities of municipal corporations, as to keeping their streets and sidewalks in good repair, have been recently fully stated by this Court in *Bunch v. Edenton,* 90 N. C., 431; *Russell v. Town of Monroe,* 116 N. C., 720, and in *Dillon v. Raleigh,* at this term, and it seems unnecessary to repeat them again so soon.

Quite a diversity of opinion on these questions has been written by different Courts. They agree that the corporation is not an insurer against all defects; that the corporation, however, will be held to a strict performance of its duties, within limits that are reasonable and just. The health, safety, comfort and convenience of the public require this much, and the corporation is vested with the power and means necessary to perform its duties.

The liability grows out of the power conferred on the city over its streets, including sidewalks, and its duty to keep them in reasonable repair, having the power to raise means for that purpose.

Each case must depend upon its exact facts and upon the circumstances of the particular case, in view of the statutory provisions of the State. Upon notice of defects and dangers in the streets, the city must remove them in a reasonable time, and failure to do so is negligence, and such negligence is the basis of an action by any one injured by reason thereof.

The corporation, however, is not liable without notice of the defect which caused the injury. This notice may be

actual or implied. Implied notice may be from facts, from which it may be reasonably inferred, or from proof of circumstances from which it appears that the defect ought to have been known and remedied. Not only patent defects must be remedied, but reasonable care must be exercised to discover defects. For it has been well said that "negligent ignorance is not less a breach of duty than willful neglect." So, whether constructive notice will be attributed to the city must depend upon the circumstances of each case. Nothing more than reasonable care to discover the defects will be required of the corporation. Notice will be inferred from the notoriety of the defect, open to reasonable observation, but if it be concealed or obscured in any way so as to escape the attentive observation on the part of the defendant, notice will not be attributed to it.

The burden of showing a defect and notice rests upon the plaintiff. The defendant asked for this instruction to the jury: "That if the jury shall find that the defendant had no notice, actual or implied, of the alleged defect, they should answer the first issue, 'No.'" This should have been given, but was refused. We have read the whole charge in the record to see if this instruction was substantially given, and we think it was not; and it is not improbable that the jury were misled, and they probably considered that the prayer was improper, as it was directly refused.

If we assume that the limb was a defect, there is no evidence in the case that it was decayed materially, or how long it had existed. No witness saw it before the accident, and there was no evidence that anyone had seen it, or that any city officer knew of it or could by reasonable diligence have seen it before the accident. *Stanton v. Salem,* 145 Mass., 476. "A city is not charged with notice of a defect in a sidewalk which is not apparent to the ordinary observer, and whose existence is not known to the inhabitants of the

city generally," and especially those in the immediate vicinity. *Cook v. City of Anamosa,* 66 Iowa, 427. "It is certainly true, as a general proposition, that before the corporate authorities can be held liable in this class of cases it must be shown that they knew of the existence of the cause of injury, or had been notified of it, or such a state of circumstances must be shown that notice would be implied." *Mayor v. Sheffield,* 4 Wallace (U. S.), 195, 96. "Where a decayed tree, being struck by a heavy truck, fell upon and injured the plaintiff, it was held that if the tree was dangerous, but appeared safe, to outward observation, the defendant was not liable, and that the defendant was not bound to examine a hole which had existed on one side of the tree, although by so doing it would have discovered the decay." *Gubasco v. N. Y.,* 14 Daly, 559.

We think the plaintiff failed to meet the burden of proving his case, and a new trial is necessary, for the error already pointed out.

New trial.