BROWN v. DURHAM.

(Filed May 1, 1906).

*Municipal Corporations—Defective Sidewalks—Negligence —Unreasonable Length of Time.*

1. In an action to recover damages for personal injuries caused by alleged negligence of the defendant city, an instruction that "It would be a breach of duty on the part of the city for it to permit a hole or washout one or more feet wide and eight inches or more deep, and extending two feet or more across the sidewalk, adjacent to and opening into a large hole five feet or more deep and four feet in diameter just out of the sidewalk, to remain without light and without railing or barriers to protect the same for an unreasonable length of time," is correct.

2. An instruction that if the jury found that "The defendant permitted a washout one foot or more wide and eight inches or more deep, extending half way or more across the path of one of the most populous sidewalks of a much used street in the city of Durham, and adjacent to a large hole, such as above described, just outside the sidewalk, to remain without being repaired and without rails or barriers and light to guard such a hole for the space of ten days, this would be an unreasonable length of time," is correct.

3. The test determining when negligence may be defined by the judge as a question of law is where there can be no two opinions on the question among men of fair minds.

ACTION by R. J. Brown against the City of Durham, heard by *Judge T. J. Shaw* and a jury, at the October Term, 1905, of the Superior Court of DURHAM.

This was an action to recover damages for personal injuries caused by the alleged negligence of defendant corporation. The usual issues in actions of this character were submitted: 1. As to defendant's negligence. 2. Contributory negligence on the part of the plaintiff. 3. Damages.

There was evidence tending to show that on Saturday night, July 30, 1904, the plaintiff was seriously injured by falling into a hole adjacent to the south sidewalk of Peabody street. The street was much used by the public. It extended from the residence of J. S. Carr to Union Station, ran parallel with Main street and was the only street between Main street and the North Carolina Railroad. The plaintiff was going from Durham to his home in East Durham. He stepped into a washout extending across the sidewalk and fell into the hole. It was five feet or more in depth, six to ten feet wide at the top, and adjacent to the sidewalk. At the bottom of the hole were a stump, roots and rocks. It had been there nine years or more and was made more dangerous by the city when it raised, graded and macadamized Peabody street, two years or more before the date of the plaintiff's injury. The edge of it next to the sidewalk was perpendicular, the sidewalk having been built up with masonry at that point. There were no rails, guards or other barriers to prevent those using the street from falling into this dangerous hole, and none had ever been there. There was no light placed at the hole to warn travelers, and the nearest street light (the only one giving any light at that point) was located 110 yards away on Main street on the "off" side from the hole and up grade. For some time before the date of the injury, from ten days to two weeks, a washout, caused by the overflow of water across the sidewalk at that point, had been widening and deepening—being about one inch deep next to the curb stone and 12 inches or more at the edge of the deep hole.

The plaintiff's own testimony as to the occurrence and

condition is as follows: "I have lived at Durham for nearly fifteen years, was injured Saturday, July 30, 1904, between 8 and 9 o'clock, p. m.; was injured near the old freight depot on the south side of Peabody street, opposite to where Queen street enters the same; was on the side next to the depot, going from the city of Durham to my home. There was a sidewalk on the south side of the street. I stepped into the washout across the sidewalk and fell down, and it threw me into a deep hole to the right or south of the sidewalk; the deep hole was close to the sidewalk; did not see the washout before I stepped into it; did not know it was there; was walking on the sidewalk in the usual way; the washout seemed to be about one or one and a half feet deep; do not know which foot I stepped with into the hole; stepping into the hole not expecting it, it threw me on my right side on the ground and gave me a kind of a whirl and I went into the deep hole, which had trash, stumps, roots and some water and rocks in it; it was six or seven feet deep. I think I fell to the bottom of it; fell in the hole in doubled up condition; no one was with me at the time; there was nothing there to protect me from the hole; it was four or five feet wide; had never noticed it before; there were some weeds or bushes growing in it when I fell; there was no light there; could not see any light except when I went up at the street car line on Main street; this would not light hole.

There was evidence on the part of the defendant tending to show that the defendant had no actual notice of the washout across the sidewalk, and that there was light enough at the time, noticed and spoken of by the witnesses, from the electric lights supplied by the defendant for the streets, to enable one to see and observe the conditions at the place of the injury. Verdict and judgment for the plaintiff. The defendant excepted and appealed.

*Winston & Bryant* for the plaintiff.
*Manning & Foushee* and *R. B. Boone* for the defendant.

HOKE, J., after stating the case: The right of the plaintiff to recover on the facts set out in the case on appeal is fully sustained by the principles announced in *Bunch v. Edenton,* 90 N. C., 431, and *Fitzgerald v. Concord,* 140 N. C., 110, and there is no error in the record—certainly none which gives the defendant any just ground of complaint.

Among other things, the judge below charged the jury that it whould be a breach of duty on the part of the city for it to permit a hole or washout one or more feet wide and eight inches or more deep, and extending two feet or more across the sidewalk, adjacent to and opening into a large hole five feet or more deep and four feet in diameter just out of the sidewalk, to remain without light and without railing or barriers to protect the same for an unreasonable length of time. And His Honor further charged: "If you find from the greater weight of evidence that the defendant permitted a washout one foot or more wide and eight inches or more deep, extending half way or more across the path of one of the most populous sidewalks of a much used street in the city of Durham and adjacent to a large hole, such as above described, just outside the sidewalk, to remain without being repaired and without rails or barriers and light to guard such a hole for the space of ten days, this would be an unreasonable length of time."

The second portion of the charge is especially urged for error in that the judge held ten days to be an unreasonable length of time, as a matter of law. We think the charge was clearly correct. There was evidence tending to prove the facts suggested, and, if proved, they are not only sufficient to fix the defendant with notice, but they make out such a clear case of negligence that there could be no two opinions on the question among men of fair minds, and this is the

test established by decisions on trials of this character, determining when negligence may be defined by the judge as a question of law.    *Russell v. Railroad,* 118 N. C., 1098; *Ramsbottom v. Railroad,* 138 N. C., 38.

There was evidence on the part of the defendant that the street lights provided by the town, while some distance away, at times noticed by the witnesses and generally, gave light enough to have enabled the plaintiff to note the condition of the sidewalk.    The plaintiff himself testified, however, that there was nothing to protect him from the hole; that he had never noticed it before and that there was no light there; he could not see any light except when he got up to Main street on the street car line.    In this conflict of testimony, the question as to the effect of the plaintiff's conduct was properly left to the jury under a correct charge on the issue as to contributory negligence.

There is no error and the judgment below is
Affirmed.