MRS. MARIE MARKHAM v. DUKE LAND AND IMPROVEMENT COM-
PANY, THE CORLEY COMPANY, AND THE CITY OF DURHAM.

(Filed 15 June, 1931.)

1. **Municipal Corporations .E c—City is liable for injury caused by dangerous condition of sidewalk of which it has actual or implied notice.**

    A city is liable in damages to one who sustains a personal injury proximately caused by a dangerous condition of its sidewalk of which the city has actual or implied notice.

2. **Same—Evidence of implied knowledge of city of dangerous condition of sidewalk held sufficient.**

    Where a dangerous place in the sidewalk of a city has existed for a sufficient length of time to have been known by the city in the exercise of due care in inspection, the city will be held to have implied knowledge thereof, and where there is evidence that a dangerous condition had existed for a week or more in the sidewalk, while it was in constant use by the public, it is sufficient to bar a motion as of nonsuit, and in this case there was evidence that the city manager had knowledge of the defect.

3. **Appeal and Error J c—Rights of defendant held not prejudiced in this case.**

    Where the trial court refuses a defendant's motion as of nonsuit, but later directs a verdict in his favor, the defendant's rights are not prejudiced.

4. **Trial D a—Refusal of nonsuit of one of defendants in action for tort held not error in this case.**

    Where a city and a development company are sued for an injury resulting from a dangerous condition of a sidewalk constructed by the development company under an agreement with the city that the development company should assume all responsibility for injuries resulting therefrom, the refusal of the motion of the development company for nonsuit is not error when the legal relationship between the city and the development company had not been determined.

5. **Trial D d—Liability of one defendant to another under contract of indemnity held to involve only matter of law not requiring submission to jury.**

    Where a city and a development company are sued for an injury resulting from a dangerous condition of a sidewalk in the city, and in its answer the city alleges that it granted a permit to the development company to construct a basement under the sidewalk under an agreement that the development company should relieve the city of all liability that might result from such construction, and this is not denied by the development company, the question as to the liability of the development company to the city under the contract of indemnity involves a matter of law arising upon undisputed facts, and its submission to the jury is not necessary.

**6. Indemnity A c—Contract indemnifying against liability from construction of sidewalk is not affected by lease of premises.**

Where a development company is granted a permit to construct a basement under a sidewalk in a city under an agreement that the development company should relieve the city of any liability by reason of such construction, and thereafter the development company leases the property to a third person under a contract requiring the lessee to keep the premises in repair: *Held*, as between the city and the development company the lease contract in no way affects the contract of indemnity, and a judgment providing that if the city is required to pay any part of a recovery obtained by a person injured by the dangerous condition of the sidewalk, that the city is entitled to be reimbursed by the development company, is not error.

**7. Negligence A c—Admissions of manager of lessee that he knew of dangerous condition of leased premises held properly admitted in evidence.**

In an action against a lessee and others for an injury resulting from a dangerous condition of the leased premises, the admissions of the manager of the lessee that he knew of the existence of the defect are properly admitted in evidence.

**8. Contracts B a—Contracts will ordinarily be given that interpretation given it by parties thereto.**

The parties to a contract will be presumed to know its intent and meaning better than strangers thereto, and where they have practically interpreted the contract the courts will ordinarily give it that construction which they themselves have given it.

**9. Landlord and Tenant B c—Evidence that lessee was under duty to keep sidewalk in repair held sufficient in this case.**

Where under a lease contract the lessee covenants to keep the premises "in good repair except the roof and floor of said storebuilding" and to "make all repairs which might be necessary during said term," and the lessee in possession of the premises has repaired defects in the sidewalk over the basement thereof as occasion required: *Held*, conceding that the contract in respect to repairing the sidewalk was ambiguous, the parties have practically interpreted their contract, and, in an action by a person injured by the dangerous condition of the sidewalk, the evidence of the lessee's duty to keep it in repair is sufficient to bar the lessee's motion as of nonsuit.

**10. Negligence A c—Judgment that liability of tenant for injury caused by dangerous condition of leased premises was primary held not error.**

The general rule is that a tenant in possession is liable for injury caused by a defective condition of the leased premises, and where under the lease contract the lessee is under duty to keep the sidewalk in repair, and has negligently failed to do so, the tenant is liable to a third person injured by the defective condition, and, in an action against the lessor, the lessee and the city, a judgment that the plaintiff recover against the lessee and the city, and that as between the defendants the liability of the lessee was primary and that of the city secondary, and that the city,

if required to pay any part thereof, would be entitled to reimbursement from the lessor on a contract of indemnity entered into by them, is held not to contain error entitling either defendant to a new trial.

APPEAL by defendants from *Grady, J.,* at November Term, 1930, of DURHAM. No error.

The plaintiff brought suit to recover damages for personal injury alleged to have been caused by the negligence of the defendants. She alleged and offered evidence tending to prove that in April, 1928, while she and her husband were on a sidewalk on the north side of East Main Street in the city of Durham walking in an easterly direction, she stepped into a hole in the sidewalk whereby the heel of her left shoe was caught and she was thrown upon the pavement and injured.

The defendants filed answers denying negligence and pleading the plaintiff's contributory negligence in bar of recovery.

The Duke Land and Improvement Company owned a lot on the north side of East Main Street upon which there was a three-story brick building. In August, 1919, the city granted to this company a permit to dig a basement under the sidewalk in front of its building, the company agreeing to "relieve the city of all responsibility and all liability" that might result from the construction of the basement under the sidewalk. The company dug the basement, and above it and in front of the building constructed a sidewalk of concrete with thick glass discs at intervals, intended to light the basement. On 15 July, 1925, the Duke Land and Improvement Company leased to the Corley Company for a period of six years from 1 September, 1925, the lot and building above referred to, and the Corley Company agreed to keep the premises in good repair, except the roof and floor of the building, and to make all repairs which might be necessary during the term.

The trial involved the question of the negligence of the defendants, the contributory negligence of the plaintiff, and the priority of liability.

The verdict was as follows:

1. Was the plaintiff injured by the negligence of defendant, Duke Land Improvement Company, as is alleged in the complaint? Answer: No.

2. Was plaintiff injured by the negligence of defendant Corley Company as is alleged in the complaint? Answer: Yes.

3. Was the plaintiff injured by the negligence of defendant, city of Durham? Answer: Yes.

4. Did plaintiff by her own negligence contribute to her injury as is alleged in the answers? Answer: No.

5. What damages, if any, is plaintiff entitled to recover? Answer: $3,750.

6. Which of the defendants is primarily liable? Answer: The Corley Company (answered by the court).

7. Which of the defendants is secondarily liable? Answer: The city of Durham (answered by the court).

8. Which of the defendants is tertiarily liable? Answer: .... .. .... ..

*McLendon & Hedrick* for plaintiff.
*Brawley & Gantt* for Corley Company.
*Guthrie & Guthrie* for Duke Land and Improvement Company.
*S. C. Chambers* for City of Durham.

ADAMS, J. Upon the verdict returned by the jury the trial court adjudged that the plaintiff recover of the Corley Company and the city of Durham the sum of $3,750 and the costs of the action; that as between the defendants the liability of the Corley Company is primary and that of the city of Durham secondary; also that the city, if required to pay the judgment, or any part of it, shall be entitled to reimbursement by the Duke Land and Improvement Company, this provision obviously growing out of the contract between the land company and the city. All the defendants appealed, and as each assigns specific error we may consider the several appeals with respect to their distinctive exceptions.

### APPEAL BY THE CITY OF DURHAM.

In apt time this defendant moved for judgment of nonsuit on the ground that notice of the alleged defect in the sidewalk should not be imputed to the city upon the facts disclosed by the evidence. The motion was denied and the city excepted. This is the only exception taken by this appellant; and in the brief filed in its behalf it is suggested that if the negligence of the city was a matter for the jury the judgment of the court should not be disturbed. So, the single question is whether the city of Durham had actual or constructive notice of the defective condition of the sidewalk.

The law imposes upon the governing authorities of a city or town the duty of exercising ordinary care to maintain its streets and sidewalks in a condition reasonably safe for those who may have occasion to use them in a proper manner. Such authorities are liable only for a negligent breach of duty, and for this reason it is necessary for a complaining party to show more than the existence of a defect and the occurrence of an injury; he must show that the officers of the city knew, or by ordinary diligence, might have known of the defect. But actual notice is not required. Notice of a dangerous condition in a street may be implied, and indeed will be imputed to the city or town if its officers should have discovered it in the exercise of due care. This principle has been adhered to in our decisions and is now regarded as firmly established. *Jones v. Greensboro*, 124 N. C., 310; *Fitzgerald v. Concord*, 140 N. C., 110; *Brown v. Durham*, 141 N. C., 249; *Kinsey v. Kinston*,

145 N. C., 106; *Revis v. Raleigh,* 150 N. C., 348; *Bailey v. Winston,* 157 N. C., 253.

In the present case there is evidence tending to disclose a dangerous condition which had existed for a week or more in the sidewalk, while it was in constant use by the public. This of itself is sufficient to bar the nonsuit; but there is evidence, also, that the city manager had knowledge of the defect. The exception of the city is therefore overruled.

### APPEAL BY THE DUKE LAND AND IMPROVEMENT COMPANY.

The judge refused this appellant's motion for nonsuit, but held as a matter of law that the evidence was not sufficient to warrant a verdict against the appellant and instructed the jury to answer the first issue against the plaintiff. With respect to the plaintiff's alleged cause of action the Duke Land and Improvement Company was not prejudiced by this instruction. There was no error, however, in denying the motion for nonsuit, for the reason that the legal relation between the city and the Land and Improvement Company was yet to be determined. The appellant intimates that this relation could be adjudged only upon the verdict of a jury on an issue presenting the exact question. But the material facts are not in dispute. In its answer to the complaint, the city of Durham alleges that on 4 August, 1919, the city granted to the Land and Improvement Company a permit to construct a basement under the sidewalk, it being understood and agreed that the company should "relieve the city of all responsibility and all liability" that might result from the construction of the basement. This is not denied in the pleadings and is admitted in the appellant's brief. It must be remembered that the question here is not that of this appellant's liability to the plaintiff, for that was settled by the answer to the first issue; the question is whether under the contract between the appellant and the city the appellant agreed to indemnify the city against loss in consideration of the granted permission to construct the basement. This involves a matter of law arising upon undisputed facts, in the determination of which the aid of a jury was not essential.

The appellant advances the contention that as the appellant constructed the sidewalk under a license from the city and allowed the Corley Company, its lessee, to take possession of the premises when the street was in safe condition, the lessee and not the owner is liable in damages; but this position cannot avail to defeat the appellant's express contract with the city.

It is argued that the contract cannot reasonably be construed as requiring the appellant to keep the sidewalk in repair; but the contract is yet in force and is no doubt continued for the financial benefit of the appellant, the owner of the lot and building.

We find no error in the court's interpretation of the contract or the relative priority in liability of the appellant and the city as between themselves.

### APPEAL BY THE CORLEY COMPANY.

The first six exceptions of this appellant relate to its manager's admissions that he had knowledge of the defect in the sidewalk, and for this reason they call for no discussion. The evidence was properly admitted.

The sixteenth and seventeeth exceptions are addressed to the court's refusal to dismiss the action as to this defendant. The reasons assigned for the motion of nonsuit are these: (1) The Corley Company was not responsible for the maintenance and upkeep of the sidewalk in front of the building occupied by it, either under the law or under the lease; (2) there was no evidence of negligence on the part of this defendant.

With regard to the first proposition the appellant's contention is this: From the time the sidewalk was constructed by the Land and Improvement Company in 1919 until the date of the injury the defect in the sidewalk was a nuisance, for which the Land and Improvement Company is liable, having constructed it, and for which the city is liable, having failed to abate it. Let us assume, as stated in *Knight v. Foster,* 163 N. C., 329, that the rule, making the occupant or tenant, and not the owner or landlord, liable to third persons for injuries caused by failure to keep the premises in repair, may be extended to the owner or landlord when he demises premises which are in "a state of nuisance"; then, the question thus raised is whether, conceding the liability of the city to the plaintiff and the liability of the Land and Improvement Company to the city by virtue of its contract, the Corley Company, also, is not liable to the plaintiff. As pointed out, the general rule is that the tenant who occupies the premises is liable for injury caused by the defective condition. *Rucker v. Willey,* 174 N. C., 42; 36 C. J., 245.

Not only was the Corley Company in the actual possession of the building; it had possession under a lease of the Land and Improvement Company in which it contracted to keep the premises "in good repair except the roof and floor of said storebuilding," and to "make all repairs which might be necessary during said term." If with respect to the sidewalk the contract is ambiguous we may consider the interpretation given it by the parties themselves, presuming that they know best what was meant by its terms. This principle has recently been stated in *Cole v. Fibre Co.,* 200 N. C., 484, and is supported by the authorities therein cited. Applying the principle we find that the Corley Company had undertaken from time to time to maintain the sidewalk in front of the building and to repair the defects as occasion required. In this way the appellant interpreted its contractual obligation: There is ample evi-

dence that it construed the lease as imposing upon it the duty to keep the sidewalk in proper condition and that it was negligent in the performance of this duty.

Considering the principles heretofore stated, we are of opinion that the instructions tendered by the appellant are inconsistent with the theory upon which the case was tried and with the legal principles heretofore stated.

According to the judgment the priority of liability was determined only as between the defendants. We have considered this question in connection with the exceptions taken by all the appellants and find no error which entitles either of them to a new trial.

No error.