CLAUDE LOVE, ADMINISTRATOR OF THE ESTATE OF LLOYD KUHN, DECEASED,
v. CITY OF ASHEVILLE.

(Filed 23 September, 1936.)

**Municipal Corporations E c—Evidence held insufficient to show that city negligently failed to keep street in reasonably safe condition.**

Plaintiff's evidence tended to show that the concrete railing of a bridge in defendant city had been broken through and temporarily replaced with planks, that plaintiff's intestate, at a time when there was ice on the roadway, was seen to drive his car upon the bridge, was observed to skid, and was later found beneath his overturned car under the bridge. There was no eye-witness to what happened. *Held:* The evidence was insufficient to be submitted to the jury in plaintiff's action against the city, the burden being upon plaintiff to show that defendant city negligently failed to use due care to keep its streets in a reasonably safe condition for those having occasion to use them in a proper manner, and that such negligent failure proximately caused the injury, it not being the duty of the city to erect and maintain barriers proof against any degree of force, or to keep its streets entirely free from natural ice, and the happening of the injury raising no presumption of negligence.

APPEAL by plaintiff from *McElroy, J.,* at January Term, 1936, of BUNCOMBE.    Affirmed.

This was an action to recover damages for wrongful death of plaintiff's intestate, alleged to have been caused by the negligence of the defendant in failing to provide proper guard rails on a bridge at a time when there was ice on the roadway.

There was evidence tending to show that the bridge was thirty feet wide and eight hundred feet long, with concrete panels or rails on either side; that about twelve feet of the barrier on the south side had been broken shortly before the injury and temporarily replaced by planks; that about eleven o'clock p.m., 13 February, 1933, a car resembling that of deceased was driven on the bridge and was observed to skid, and a noise was heard as if it hit something, and that later the dead body of plaintiff's intestate was found beneath his overturned automobile under the bridge; that the woodwork in the panel or barrier was knocked down; that the weather was cold and there was some ice on the driveway.    There was no eye-witness to what happened.    It appeared that other cars passed over this bridge about this time, without skidding or other incident.

At the conclusion of plaintiff's evidence the court sustained defendant's motion for judgment as of nonsuit, and from judgment dismissing the action the plaintiff appealed.

*DuBose & Orr for plaintiff.*
*A. Hall Johnston and Philip C. Cocke, Jr., for defendant.*

PER CURIAM.    We concur in the ruling of the court below that the evidence fails to make out a case of actionable negligence against the defendant.    While it was the duty of the city to exercise ordinary care to maintain its streets and bridges in a condition reasonably safe for those having occasion to use them in a proper manner, it must be made to appear not only that there was a failure of such duty, but that the negligent breach thereof was the proximate cause of the injury complained of.    *Markham v. Improvement Co.,* 201 N. C., 121; *Pickett v. R. R.,* 200 N. C., 750.

It was not incumbent upon the city to erect and maintain barriers proof against any degree of force, nor to keep its streets and highways entirely free from ice resulting from natural causes.    7 McQuillan Mun. Corp. (2d Ed.), 2973.

The happening of an injury does not raise the presumption of negligence.    There was no eye-witness as to how the death of plaintiff's

intestate occurred. The burden was on the plaintiff to show that the city of Asheville was negligent, and that its negligence was the proximate cause of the injury. This he has failed to do.

It is unnecessary to decide the other questions discussed in the briefs and oral arguments.

Affirmed.