### MARGIE BELL WATERS v. TOWN OF BELHAVEN.

(Filed 23 September, 1942.)

**1. Municipal Corporations § 14—**

In an action for personal injuries against a town for negligently maintaining its streets, plaintiff was properly nonsuited when it appears that plaintiff stumbled over a barrel hoop imbedded in some mud in the street, since there was no evidence that the municipality or any of its agents caused the presence of the hoop in the street or had any actual or implied notice thereof, the only evidence being that a day or two before the accident, an employee of the town cleaned out a ditch and threw mud in the street, thus leaving the question of how and when the hoop got into the street and became imbedded in the mud to pure conjecture.

**2. Same—**

A municipality is required to use ordinary care to maintain its streets and sidewalks in a condition reasonably safe for those who have a right to use them in a proper manner.

**3. Same—**

In order to hold a municipality for negligence in maintaining its streets or sidewalks, the plaintiff must not only show the existence of a defect and the occurrence of an injury, but also that the officers of the city had actual or implied notice of such defect, that they knew, or by the exercise of ordinary diligence, should have known of the existence of such defect.

**4. Same—**

A municipality is chargeable for maintaining the respective portions of its streets and sidewalks in a reasonably safe condition for the purposes for which such portions of the streets and sidewalks are respectively devoted.

APPEAL by plaintiff from *Williams, J.,* at May Term, 1942, of BEAUFORT.

This is a civil action to recover damages for an injury received by plaintiff on the night of 26 February, 1941, which injury plaintiff alleges was caused by the negligence of the defendant in not keeping the street, where the injury occurred, "reasonably safe for pedestrians and causing and allowing said street to be obstructed in that part where plaintiff was walking and where street passengers and pedestrians were accustomed to walk to the knowledge of the defendant and its officers."

The plaintiff further alleges that there was no sidewalk on the north side of said street and that the sidewalk on the south side of the street "was not practical for her use, for that it was rough and not kept in proper condition . . . said sidewalk was unlighted and not in general use." Plaintiff also alleges "That the obstruction, which caused plaintiff's injury, was thrown into the street by the agent and employee of the defendant in the form of dirt, constituting a ditch bank, which covered a part of the wire which caught the plaintiff's foot and caused the fall; said snag and obstruction being there to the knowledge of the defendant corporation, and its officers and agents and employees, constituting a danger to pedestrian travel and rendered the street unsafe for such use, and in breach of its duty to keep the said street in a reasonably safe condition for pedestrian use."

The evidence discloses that the accident occurred on Wednesday night while plaintiff was returning home from church. That a man working for the defendant had, on Monday or Tuesday next before the accident, cleaned out the drainage ditch on the side of the street in question and had thrown mud or dirt into the street on the part thereof which was used by the public for vehicular and pedestrian traffic. The street is not paved. A wire hoop the size of plaintiff's finger and about two feet in diameter was imbedded in the mud with only a small part thereof exposed. The plaintiff did not see the hoop and caught her foot in it, causing her to fall and break her arm.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit, which motion was allowed. Plaintiff appeals and assigns error.

*John A. Wilkinson and H. S. Ward for plaintiff.*
*D. D. Topping for defendant.*

DENNY, J.  The only exception and assignment of error is to the granting of defendant's motion for judgment as of nonsuit.

The obligation of a municipality to maintain its streets and sidewalks in a condition reasonably safe for those who have a right to use them in a proper manner, is well settled by numerous decisions of this Court. In the case of *Markham v. Improvement Co.*, 201 N. C., 117, 158 S. E., 852, it is said: "The law imposes upon the governing authorities of a city or town the duty of exercising ordinary care to maintain its streets or sidewalks in a condition reasonably safe for those who may have occasion to use them in a proper manner. Such authorities are liable only for a negligent breach of duty, and for this reason it is necessary for a complaining party to show more than the existence of a defect and the occurrence of an injury; he must show that the officers of the city knew, or by ordinary diligence, might have known of the defect. But actual notice is not required. Notice of a dangerous condition in a street may be implied, and indeed will be imputed to the city or town if its officers should have discovered it in the exercise of due care. This principle has been adhered to in our decisions and is now regarded as firmly established. *Jones v. Greensboro*, 124 N. C., 310; *Kinsey v. Kinston*, 145 N. C., 106; *Revis v. Raleigh*, 150 N. C., 348; *Bailey v. Winston*, 157 N. C., 253." Likewise, in the case of *Oliver v. Raleigh*, 212 N. C., 465, 193 S. E., 853, *Justice Barnhill* said: "Ordinarily sidewalks are constructed for the use of pedestrians and public streets for vehicular travel, except at street intersections. This does not necessarily mean that a pedestrian is prohibited from using any portion of a street except at an intersection, or that a city in no event would be liable for injuries sustained by a pedestrian while traversing or walking upon a public street at a place other than an intersection. Each case must be determined upon its merits. All portions of a public street from side to side and end to end are for the public use in appropriate and proper method, but no greater duty is cast upon the city than that it shall maintain the respective portions of its streets in a reasonably safe condition for the purposes for which such portions of the streets are respectively devoted. *Kohlof v. Chicago*, 192 Ill., 249, 85 Am. S. R., 335."

The appellant is relying on the case of *Bailey v. Winston*, 157 N. C., 252, 72 S. E., 966, in which case the city of Winston had caused an excavation to be made in the street and had neglected to see that it was carefully guarded, so as to be reasonably free from danger to travelers upon the street. We do not think the facts in the above case are analogous to those in the instant case. The city of Winston had made a contract for the excavation in its street and was fixed with notice of the conditions which existed. The evidence here does not fix the defendant with notice.

Under the decisions of this Court, in order for the plaintiff to recover she must show that the defect in the street was created by the municipality itself, by someone under its direction, or that it had actual or implied notice of the defect. The only evidence on the question of notice is to the effect that on Monday or Tuesday, next before this accident occurred on Wednesday night, an employee of the defendant cleaned out the ditch between the street and sidewalk and threw the dirt or mud on that portion of the street used for vehicular and pedestrian traffic. There is no evidence that the employee of the defendant put the barrel hoop in the street or that it was there when he cleaned out the ditch. Neither is there any evidence of notice, actual or implied, to the officials of the town of Belhaven prior to this accident that the barrel hoop was imbedded in the dirt or mud which had been thrown into the street. In so far as the evidence in this case discloses, it is purely conjecture as to how and when the barrel hoop got into the street and became imbedded in the dirt or mud, causing the condition complained of by the plaintiff.

His Honor properly sustained defendant's motion for judgment as of nonsuit. The judgment of the court below is

Affirmed.