### MARTHA Z. SMITH v. CITY OF HICKORY.

(Filed 6 April, 1960.)

**1. Municipal Corporations § 12—**

A municipality is not an insurer of the safety of travelers on its streets and sidewalks and the doctrine of *res ipsa loquitur* does not apply in actions to recover for injuries received by a pedestrian in a fall on a sidewalk, nor does the existence of a hole in the sidewalk establish negligence *per se*, but plaintiff must show that the officers of the municipality knew or by the exercise of due care should have known of the defect and could have reasonably foreseen that such defect might cause injury to travelers using the sidewalk in a proper manner.

**2. Same—**

Evidence that plaintiff fell to her injury when she stepped into a hole in the sidewalk, some three inches deep and some six to seven inches long, is insufficient to be submitted to the jury on the issue of the municipality's negligence in the absence of evidence as to how long the hole had existed in the sidewalk prior to the injury, nor is this hiatus supplied by evidence that the sides of the hole were smooth in the absence of evidence that the edges of the hole were at any time jagged or sharp and had been worn smooth by pedestrian use.

**3. Negligence § 24c—**

The evidence must take the case out of the realm of conjecture and into the field of legitimate inference from established facts in order to be sufficient to be submitted to the jury, and nonsuit must be entered upon evidence which raises a mere conjecture or possibility of the existence of actionable negligence.

APPEAL by plaintiff from *Farthing, J.*, September Term, 1959, of CATAWBA.

Civil action to recover damages for personal injuries, resulting from plaintiff stepping in a hole on a sidewalk in the city of Hickory and falling.

From a judgment of compulsory nonsuit entered at the close of plaintiff's evidence, she appeals.

*Sigmon & Sigmon for plaintiff, appellant.*
*Emmett C. Willis for defendant, appellee.*

PARKER, J.   On the afternoon of 26 October 1957 plaintiff, a woman 40 years old, her husband, and her daughter, Mrs. Christine Dew, were shopping in the city of Hickory. Plaintiff had with her her eight-months-old baby. About 4:30 p. m. they came out of Murphy's Store, and started walking up Second Street N.W. At that time it was not raining, though it had been raining, was kind of dark, and the cement sidewalk was wet. Quite a few people were on the sidewalk. While plaintiff was walking between her husband and daughter and carrying her baby in front of B. C. Moore's store, she stepped with her right foot into a hole on the sidewalk, fell and was injured.

Plaintiff testified on direct-examination: "I had the baby over my left shoulder and naturally I was looking straight at the hole, but the water was the same color of the street and I didn't see the hole . . . it was level with the street - - - it was the same color. The hole was invisible when I stepped in it. It was enough water in it when I stepped in it with high heel shoes on, that you couldn't tell the hole was hardly there; my husband took his crutch and knocked the water out to see if it were a hole."

Plaintiff testified in part on cross-examination: "I was walking slowly and carefully. . . . The sidewalk was ordinarily flat. There wasn't a hill or anything. . . . I have been trading in Hickory all my life and walked back and forth across this spot many times but I never did see a hole there. I hadn't been in Hickory for about three months before that. . . . I did not see the hole when we passed it going to Murphy's."

The hole plaintiff stepped in was about three inches deep and six to seven inches long. It was more or less circular and irregular in size. The edges of the hole were rounded, not sharp, more or less slick or smooth. The water was full in the hole, and was dirty, and the same color as the sidewalk. At the time the whole cement sidewalk was a wet, dingy, black color. The puddle looked like dark, wet cement. Plaintiff's husband testified on cross-examination: "I had no difficulty seeing it after she fell." Plaintiff's daughter, Mrs. Christine Dew, examined the hole about a week after plaintiff stepped in it, and there was black dirt in it then, but no loose particles of cement or stone. The hole was a few steps from a parking meter.

This is said in *Gettys v. Marion,* 218 N.C. 266, 10 S.E. 2d 799: "The rule prevailing in this jurisdiction is well stated by *Hoke, J.,* in *Fitzgerald v. Concord,* 140 N.C. 110, as follows: 'The town, however, is not held to warrant that the condition of its streets, etc., shall be at all times absolutely safe. It is only responsible for negligent breach of duty, and, to establish such responsibility, it is not sufficient to show that the defect existed and an injury has been caused thereby. It must be further shown that the officers of the town might have discovered the defect, and the character of the defect was such that injuries to travelers therefrom might reasonably be anticipated.' (A number of our other cases are cited). The happening of an injury does not raise the presumption of negligence. There must be evidence of notice either actual or constructive. (Citing cases). The existence of a condition which causes injury is not negligence *per se.* (Citing a case). The doctrine of *res ipsa loquitur* does not apply in actions against municipalities by reason of injuries to persons using its public streets. *City of Natchez v. Cranfield,* 124 Sou. Rep., 656." This quotation from *Fitzgerald v. Concord* is quoted with approval in *Welling v. Charlotte,* 241 N.C. 312, 85 S.E. 2d 379.

A municipality is not an insurer of the safety of travellers on its streets and sidewalks. *Welling v. Charlotte, supra; Walker v. Wilson,* 222 N.C. 66, 21 S.E. 2d 817; *Love v. Asheville,* 210 N.C. 476, 187 S. E. 562.

The governing authorities of a town or city have the duty imposed upon them by law of exercising ordinary care to maintain its streets and sidewalks in a condition reasonably safe for those who use them in a proper manner. Liability arises only for a negligent breach of duty, and for this reason it is necessary for a complaining party to show more than the existence of a defect in the street or sidewalk and the injury: he must also show that the officers of the town or city knew, or by ordinary diligence, might have known of the defect, and the character of the defect was such that injuries to travellers using its street or sidewalk in a proper manner might reasonably be foreseen. Actual notice is not required. Notice of a dangerous condition in a street or sidewalk will be imputed to the town or city, if its officers should have discovered it in the exercise of due care. This principle is firmly established in our decisions. *Welling v. Charlotte, supra; Klassette v. Drug Co.,* 227 N.C. 353, 42 S.E. 2d 411; *Walker v. Wilson, supra; Waters v. Belhaven,* 222 N.C. 20, 21 S.E. 2d 840; *Watkins v. Raleigh,* 214 N.C. 644, 200 S.E. 424; *Markham v. Improvement Co.,* 201 N.C. 117, 158 S.E. 852; *Bailey v. Winston,* 157 N.C. 252, 72 S. E. 966; *Revis v. Raleigh,* 150 N.C. 348, 63 S.E. 1049; *Kinsey v. Kin-*

*ston,* 145 N.C. 106, 58 S.E. 912; *Brown v. Durham,* 141 N.C. 249, 53
S.E. 513; *Jones v. Greensboro,* 124 N.C. 310, 32 S.E. 675.

There is no evidence in the record that the defendant created the
hole in the sidewalk, or had actual notice of it prior to plaintiff's fall.
There is no evidence as to what caused this hole in the cement side-
walk, or whether it extended through the cement. There is no evidence
as to how long the hole had existed in the cement sidewalk before plain-
tiff stepped in it and fell, unless an inference as to the length of time it
had existed prior to her fall can reasonably be drawn from the evi-
dence. In respect to this question we have this testimony of plaintiff
on cross-examination: "I have been trading in Hickory all my life
and walked back and forth across this spot many times but I never
did see a hole there. I hadn't been in Hickory for about three months
before that."

Plaintiff's contention is that the reasonable inferences to be drawn
from her evidence are that when the hole in the cement sidewalk was
"young," its edges were jagged and sharp, that its edges were worn
smooth by long continued "footwear" of pedestrian traffic, that it was
a long time wearing smooth, because it was near a parking meter, and
pedestrians would see the hole and avoid walking on it in dry weather,
and that for pedestrian "footwear" to have worn the edges of the
hole slick or smooth under these conditions permits the reasonable
inference that the hole had existed for a period of time prior to plain-
tiff's fall so long that the officers of defendant should have discovered
it in the exercise of due care.

There is no evidence in the record as to whether the hole in the
cement was made at one time or by "footwear" over a period of time,
as to whether its edges were ever jagged and sharp, and if the edges
were ever jagged or sharp as to how long it would take "footwear"
to wear the edges smooth, if it will do so. In *Welling v. Charlotte,
supra,* which was nonsuited on the ground of contributory negligence,
plaintiff fell in a hole on a cement or asphalt sidewalk. In that case
the city had actual notice of the hole, and a witness for plaintiff, who
was an expert engineer, made an examination of the hole three days
after plaintiff's fall, and testified that, in his opinion, the hole had
been there perhaps two or three years. Plaintiff's contention rests on
conjecture and surmise and inference drawn from inference. To carry
her case to the jury "the plaintiff must offer evidence sufficient to take
the case out of the realm of conjecture and into the field of legitimate
inference from established facts." *Parker v. Wilson,* 247 N.C. 47, 100
S.E. 2d 258. Such an inference cannot rest on conjecture or surmise,
which raises a possibility of its existence. *Sowers v. Marley,* 235 N.C.

607, 70 S.E. 2d 670. A resort to conjecture or surmise is guesswork, not decision, and "a cause of action must be something more than a guess." *Lane v. Bryan*, 246 N.C. 108, 97 S.E. 2d 411.

Considering the evidence in the light most favorable to plaintiff, and giving her the benefit of every legitimate inference to be drawn therefrom, as we are required to do on a motion for judgment of compulsory nonsuit, we conclude that plaintiff has no evidence that defendant had any actual or constructive notice of the hole in its sidewalk in which plaintiff stepped and fell prior to her fall, or that defendant created the hole. For cases nonsuited for the same reason, see: *Gettys v. Marion, supra; Waters v. Belhaven, supra.*

The judgment of compulsory nonsuit entered below is

Affirmed.