AGNES SEAGRAVES v. CITY OF WINSTON AND CRAWFORD PLUMBING COMPANY.

(Filed 12 January, 1916.)

**1. Municipal Corporations—Cities and Towns—Streets and Sidewalks—Negligence—Constructive Knowledge.**

In an action against a city and another for damages for a personal injury there was evidence tending to show that the codefendant, a plumbing company, under a permit of the city to make sewer connections for an owner adjoining the street, left an excavation across a much frequented sidewalk 2 to 2½ feet deep, unlighted and without guard, into which the plaintiff, while going along the sidewalk on 31 December, about 6:30 or 7 p. m., fell and was injured. *Held*, sufficient upon the question of the defendant city's actionable negligence in failing to have the place properly lighted or safeguarded; and also, under the circumstances, to give the city ample constructive and previous knowledge of the existence of the defect.

**2. Trials—Negligence—Instructions — Municipal Corporations — Streets and Sidewalks—Appeal and Error.**

The defendant plumbing company, in connecting sewerage for a private owner with the system of the city, made a ditch 2 to 2½ feet deep, about 23 December, across a much frequented sidewalk, into which

the plaintiff fell and was injured about 6:30 or 7 p. m. on 31 December following. The defendant requested the court to charge the jury that if it filled in and well tamped the hole on the day it was dug, and it did not exist until noon of the 31st, it would not be guilty of actionable negligence. *Held*, the prayer was properly refused, as it excluded the inference, under the evidence, that its hands should have discovered and protected the place on the 31st while at work there, or that the ditch had been negligently dug, thus causing the cave-in.

APPEAL by defendants from *Devin, J.*, at February Term, 1915, of FORSYTH.

Civil action. There was evidence on part of plaintiffs tending to show that, on 31 December, 1912, about 6:30 to 7 o'clock p. m., as she was returning to her home along East Fourth Street of the city of Winston, between Hickory and Maple streets and in the vicinity of Lloyd's store, she fell into an excavation or hole in the sidewalk of said street, same being unlighted and not in any way safeguarded, and received serious and painful injuries, and, further, that the excavation or hole had been made by the Crawford Plumbing Company, engaged at the time in connecting the house of Mr. W. H. Black with the sewerage system of the city, and that this was being done under regular permit issued by the city authorities vested by law with supervision and control of such matters.

There was denial of liability by defendants, and it was claimed by the city that, if any excavation existed in that locality, the city had neither actual nor constructive notice of same and were in no way chargeable with negligence concerning it.

The action was originally instituted against the city alone.

Plaintiff recovered a judgment and, on appeal, a new trial was granted, the Court holding that, on the record as it then appeared, the case had been submitted to the jury under an aspect of liability that there was no evidence to support. See case, 167 N. C., 206. This opinion having been certified down, the Crawford Plumbing Company, the contractor doing the work, was made codefendant, another trial was had, and, on the usual issues in such cases, of negligence, contributory negligence, and damages, there was verdict against both defendants. Judgment on the verdict, and defendants excepted and appealed.

*Louis M. Swink and Fred. M. Parrish for plaintiff.*
*Manly, Hendren & Womble for city of Winston-Salem.*
*Jones & Patterson for Plumbing and Supply Company.*

HOKE, J., after stating the case: On the record as now constituted there are facts in evidence tending to show that the defect complained of and causing the injury was an excavation across the sidewalk, 2 to 2½ feet in depth, made and so left when the work was being done under

permit of the city authorities and under circumstances requiring the city to see that it was properly protected.

If these facts are accepted by the jury, it was a clear breach of duty on the part of the city in failing to have the place properly lighted or in some way safeguarded, and the motion to nonsuit, the position chiefly urged for error on the part of the city, appellant, cannot be sustained. *Carrick v. Power Co.,* 157 N. C., pp. 378-380; *Bailey v. Winston,* 157 N. C., 252; *Kinsey v. Kinston,* 145 N. C., 106.

In *Kinsey v. Kinston,* a case very similar to that presented in this aspect of the evidence, it was held: "It is the positive duty of municipal authorities to keep the public streets in a reasonably safe condition for the use of pedestrians. The city is liable in damages to the plaintiff, who, being accustomed to use its sidewalks in going to and from her work, passed in the morning, and, repassing in the evening, about 8 o'clock, was injured by falling into a ditch which had been dug across the sidewalk in the intervening time by a contractor for a private person, with notice to and permission of the city, and left without lights, warning signals, or signs at, near, or upon the ditch." And in *Carrick's case* the general principle applicable is stated as follows: "The governing authorities of a town may not absolve themselves of the duty of proper care and supervision as to the condition of its streets and sidewalks, and when they authorize work to be done on them which is essentially dangerous or which will create a nuisance unless special care and precaution is taken, they are chargeable with a breach of duty in this respect, whether the work is being done by a licensee or by an independent contractor. *Bailey v. Winston, ante,* 252, and authorities cited, more especially *Bennett v. Mount Vernon,* 124 Iowa, 537; *Brusso v. City of Buffalo,* 90 N. Y., 697, and see an instructive case on this subject, *City of Baltimore v. O'Donnell,* 53 Md., 110."

Again, there was evidence on the part of plaintiff tending to show that the excavation in question, in a much frequented sidewalk on a prominent street of the city, had existed for a sufficient length of time to charge the city with constructive notice under the principles declared and sustained in *Bailey v. Winston, supra; Fitzgerald v. Concord,* 140 N. C., 110, and other cases of like kind.

In *Bailey v. Winston* the position is stated as follows: "A municipality owes it as an absolute duty to put its streets and highways in passable condition and to keep them so by the exercise of reasonable and continuing care and supervision for the safe use of pedestrians thereon.

"5. The ordinary liability of a municipality to a pedestrian injured by negligent defects in its streets or sidewalks depends upon whether the municipality had actual notice of the defect, or notice implied from the circumstances, as where the defect has existed for such a length of time as to show that the city has omitted or neglected its plain duty of supervision."

And there was evidence further permitting the inference that the city department having more especial supervision of work of this character had actual notice that there was a hole in the sidewalk in that vicinity which needed to be looked after.

In no event, therefore, could defendant's motion for nonsuit have been sustained, and, on careful perusal of the record, we find no other objection which gives defendants or either of them any just ground of complaint. ·

It was urged for error on the part of the Crawford Plumbing Company that the court refused to give the following prayer for instructions: "That if the jury should find from the evidence that the Crawford Plumbing and Mill Supply Company dug a ditch across East Fourth Street in front of the house of W. H. Black in order to connect the house of said Black with the sewer line of said city on 22 or 23 December, 1912, and that the hole was filled by the defendant on the day on which it was dug, and the dirt of the same well tamped, and that on 31 December, 1912, the said defendant Crawford Plumbing and Mill Supply Company dug a ditch in the yard of W. H. Black, and should further find that no hole existed in the street until noon of 31 December, 1912, that in that case the defendant Crawford Plumbing and Mill Supply Company would not be guilty of negligence, and they should answer the issue of negligence as to it 'No.'"

The prayer could not have been properly given as presented. There was evidence coming from defendant's witnesses that they were then extending the ditch through the yard of Mr. Black on the afternoon of 31 December, and later than noon, the time fixed in the prayer, having finished the part of the ditch across the sidewalk some days before. If the hole in the sidewalk was caused by a cave-in while the hands were there, they should have discovered and protected it, and the prayer too entirely ignored the inference clearly permissible from the testimony, that in the endeavor to extend the ditch through the yard they negligently dug and left it so that a cave-in on the sidewalk was not unlikely.

As a matter of fact, his Honor gave the prayer substantially as preferred except that he changed the time stated from noon till 6 or 7 o'clock p. m., the time when the company's hands had certainly quit work. In the prayer as given, his Honor also ignored the evidence tending to show that the company's hands may have been negligent in leaving the ditch in the yard, so that a cave-in from the sidewalk was not unlikely to occur.

· There was no error, therefore, to defendant's prejudice in presenting this feature of the case to the jury.

There was practically no evidence tending to show contributory negligence, and in any event his Honor committed no error in submitting this

issue to the jury's decision, which he did under the principle recently approved by the Court in *Darden v. Plymouth,* 166 N. C., 492.

We find no error in the record, and the judgment on the verdict is affirmed. .

No error.