ISABELLA A. SEHORN v. CITY OF CHARLOTTE.

(Filed 17 May, 1916.)

**Municipal Corporations—Negligence—Streets and Sidewalks—Trials—Evidence—Questions for Jury.**

A city is required to keep its streets and sidewalks in a reasonably safe condition by continuous supervision, but it is not held to warrant them at all times to be absolutely safe; and while permitting a hole several inches deep left by the removal of a water meter by its own employees, about 16 or 18 inches in diameter, partly in the concrete sidewalk and partly on a grass plat within the curbing, to remain there for six months, affords evidence of actionable negligence for a personal injury thereby caused, it may not be declared negligence *per se* as a matter of law.

APPEAL by defendant from *Carter, J.,* at February Term, 1916, of MECKLENBURG.

*F. M. Redd and J. F. Newell for plaintiff.*
*Chase Brenizer for defendant.*

CLARK, C. J.  This action is to recover damages for negligence. The plaintiff, a lady about 62 years of age, while walking on a street in Charlotte, stepped into a hole in the sidewalk, with the result that her knee-cap was fractured and permanently injured.

A cement sidewalk had been laid on this street extending to the curb, and the water meter was left within the surface of the cement sidewalk.  The curb was moved further off, leaving some 6 or 7 feet of grass plat between the curb and the cement sidewalk.  The water meter was then taken out of the cement walk and its removal left a circular hole about three-fourths within the cement sidewalk, the hole being 16 to 18 inches in diameter and originally knee deep.  It is admitted that the city itself moved the meter and left the hole there, and it is in evidence that it was partially filled up, but the earth was not tamped, and the plaintiff was injured by stepping therein.

The court charged as follows:  "If the city caused this water meter to be removed and left in the sidewalk there a hole of 4 to 7 inches in depth and permitted that hole to stay there for the space of from six to twelve months, this would be negligence *per se,* and the defendant would be responsible to the plaintiff for such injuries as were directly caused by such negligence."

There was evidence of negligence to be left to the jury, but it was error to charge that this was negligence *per se.*  In *Foster v. Tryon,* 169 N. C., 183, we said:  "The duty which municipal corporations owe to those using their streets, and the degree of responsibility imposed upon them by law, are stated clearly and accurately by *Associate Justice Hoke* in *Fitzgerald v. Concord,* 140 N. C., 110, which has been approved in *Brown v. Durham,* 141 N. C., 252; *Revis v. Raleigh,* 150 N. C., 353; *Johnson v. Raleigh,* 156 N. C., 271; *Bailey v. Winston,* 157 N. C., 259, and in other cases.  He says: 'The governing authorities of a town are charged with the duty of keeping their streets and sidewalks, drains, culverts, etc., in a reasonably safe condition; and their duty does not end at all with putting them in a safe and sound condition originally, but they are required to keep them so to the extent that this can be accomplished by proper and reasonable care and continuing supervision  .  .  .  The town, however, is not held to warrant that the condition of its streets, etc., shall be at all times absolutely safe.  It is only responsible for negligent breach of duty, and to establish such responsibility it is not sufficient to show that a defect exists and an injury has been caused thereby.  It must be further shown that the officers of the town knew or by ordinary diligence might have discovered the defect, and that the character of the defect was such that injuries to travelers therefrom might reasonably be anticipated.' "

In *Smith v. Winston,* 162 N. C., 50, a new trial was ordered because

the judge of the Superior Court charged the jury that it was the duty of the municipal corporation to keep the streets in safe condition.

The measure of duty established by these authorities is that the streets shall be maintained in a reasonably safe condition, and whether the corporation has done so or not is a question of fact to be decided by a jury, and cannot be declared as matter of law. This is particularly true under the evidence in this record, as Mr. Redwine, who described the hole in the sidewalk with more particularity than any other witness, and who said it was 4 or 5 inches deep, also said: "It did not look dangerous to me." If the judge can say it is negligence *per se* to leave a hole in the sidewalk 4 inches deep, as he has done in this case, can he say so as to a hole 3 inches deep, or 2 or 1? Where is the line to be drawn? It is safer and wiser to leave the conditions and circumstances to the jury.