## MAGGIE BAILEY v. CITY OF ASHEVILLE.

(Filed 24 December, 1920.)

1. **Municipal Corporations—Cities and Towns—Streets and Sidewalks— Defects in Sidewalks—Negligence—Subsequent Repairs—Identification—Evidence.**

   In an action to recover damages of a city for a personal injury, caused to the plaintiff by the defendant's negligently having its meter box in a dangerous condition, with its top several inches below the level of the sidewalk, covered up or concealed by weeds or straw, so that the plaintiff did not see its imperfect condition and stepped therein to her injury. evidence is competent, when wholly confined to the location of the water meter box in question, a relevant matter in dispute, that the defendant made changes in the condition of this box after the occurrence of .the injury complained of in the suit, but not as evidence of negligence.

2. **Municipal Corporations—Cities and Towns—Streets and Sidewalks— Defects—Negligence—Notice.**

   Municipal corporations are required to keep their streets and sidewalks free from dangerous defects therein for the safety of those entitled to use them, and are responsible in damages to those who may be injured, when such damages are the proximate cause, and the municipalities have had sufficient previous notice thereof, either actual or implied from its neglect of its duty of supervision, for such length of time as should have put them upon sufficient notice to repair in time or to guard against the injury, or to be reasonably inferred by the jury from the facts in evidence.

3. **Same—Evidence—Questions for Jury—Trials.**

   Where there is evidence that a municipal corporation for several months had permitted its water meter box to become dangerous to pedestrians on its sidewalk, had had the meter read by its employee once each month, the last time being about five days before the injury for which damages are demanded in the action; that the top of the box was several inches below the grade of the sidewalk, and not discernible for the grass and leaves: *Held*, sufficient upon the issue of the defendant's actionable negligence; and as to whether it had, or should have had by proper supervision. notice sufficient for it to have remedied the defect and avoided the injury.

APPEAL by defendant from *Long, J.,* at the October Term, 1920, of BUNCOMBE.

This is an action to recover damages for personal injury.

The negligence complained of is that the defendant placed a water meter box on one of its sidewalks two or three inches below the surface, with an insecure covering, and permitted dirt and leaves to accumulate thereon.

On 27 October, 1917, the plaintiff, while running down Black Street in said city stepped on the top of a water meter box, the top, which had been displaced, or partially removed, flew up and her leg went into the box, causing the injury.

Black Street, where the injury occurred, is a graded but unpaved street, the plaintiff lived on the south side and she had crossed over on the north side of the street. There was no paved sidewalk, the entire street, including the portion used as a sidewalk, being of a loamy clay soil. The street ran east and west, and the street inclined considerably down grade towards the west to the depot, to which point the plaintiff was running when injured.

It is alleged in the complaint, and admitted in the answer, "That at the point where water connections are made on Black Street by the defendant"; "that said meters were constructed by sinking a terra-cotta twelve-inch pipe down into the ground over the meter, and placing a flat iron cap fitting over the top of the pipe and in the opening in the iron cap is fitted into a groove, an iron lid (somewhat like a stove lid and eye)."

The defendant moved for judgment of nonsuit, which was refused and defendant excepted.

There is also an exception to the admission of evidence which is referred to in the opinion.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*W. P. Brown and J. D. Murphy for plaintiff.*
*George Pennell and Marcus Erwin for defendant.*

ALLEN, J. We have been much impressed by the earnest argument of counsel for the defendant, but upon careful consideration of the record we find no error which would justify a new trial.

Two exceptions are relied on. The first is to the reception of evidence showing that the defendant made changes in the condition of the water meter box after the plaintiff was injured, which would have been erroneous under the authority of *Lowe v. Elliott,* 109 N. C., 581; *Myers v. Lumber Co.,* 129 N. C., 252; *Aiken v. Mfg. Co.,* 146 N. C., 324, cases relied on by the defendant, if the evidence had been admitted on the question of negligence, but this was not done, and, on the contrary, the court carefully restricted the evidence to the identification of the box and place of injury, for which purpose it was competent.

When the evidence was offered and objected to the court said: "The rule would be this: If you offer evidence tending to show that the meter box was at a certain place, and that place is disputed, you can offer evidence to identify the particular place. Of course, its condition at a subsequent time could not be used as a cause of action either, only the condition of the place at the time of the alleged injury would be competent; but as to the identification of the place in evidence, that you may offer.

"I will let her go on and state whether or not there was a hole there, only for the purpose of identity. The court rules that the cause of action is founded upon the conditions existing at the time alleged in the complaint; then the plaintiff's action must stand or fall by conditions that existed at that time—but as to the contest between the plaintiff and defendant as to whether or not there was a meter hole at the place at the time alleged in the complaint, the evidence as to subsequent conditions is admitted for the purpose only—that is, whether there was in existence at the time of the alleged injury such a meter box or place as that described in the complaint. This evidence is only for identification of such place, and the jury are instructed that it is admitted for no other purpose."

The other exception is to the refusal to nonsuit the plaintiff upon the ground that there is no evidence of negligence.

The duty of the municipal corporation in reference to streets is stated as follows in *Bailey v. Winston,* 157 N. C., 259: "A city or town or village must keep its streets in good condition and repair so that they will be safe for the use of its inhabitants or of those entitled and having occasion to use them. If they become unfit for use by reason of defects which could not be anticipated and consequently guarded against, under ordinary circumstances, the municipality should have some notice of the defect, either actual or else implied from the circumstances; and in this connection it must be said that it is the duty of the city (and of course these principles apply generally to all forms of municipalities) to exercise a reasonable and continuing supervision over its streets, in order that it may know they are kept in a safe and sound condition for use. Sometimes notice of their defective condition is actual or express, again it is constructive or implied, where, for instance, the defect has existed for such a length of time as to show that the city has omitted or neglected its plain duty of supervision; and still again, it may be inferred by the jury from the facts in evidence. This principle is illustrated and was applied in *Fitzgerald v. Concord, supra,* where it is said, approving 1 Sh. and Red. on Negligence, sec. 369: 'Unless some statute requires it, actual notice is not a necessary condition of corporate liability for the defect which caused the injury. Under its duty of active vigilance, a municipal corporation is bound to know the condition of its highways, and for practical purposes the opportunity of knowing must stand for actual knowledge. Hence, when observable defects in a highway have existed for a time so long that they ought to have been seen, notice of them is implied, and is imputed to those whose duty it is to repair them; in other words, they are presumed to have been discovered by the exercise of reasonable diligence.' . . . 'On the question of notice implied from the continued existence of a defect, no definite or fixed rule can

be laid down as to the time required, and it is usually a question for the jury on the facts and circumstances of each particular case, giving proper consideration to the character of the structure, its material, the time it has been in existence and use, the nature of the defect, its placing,' and other considerations not necessary to be stated."

Is there evidence that the defendant failed to perform this duty?

The meter box was placed on the sidewalk and, as stated in the brief of appellant, the "defendant admitted control and duty to maintain both the meter box and the street."

The evidence of express and implied notice to the defendant of the condition of the box was plenary, as one witness testified that the box had been in the same condition as when the plaintiff was injured six or eight months, and an employee of defendant read the meter monthly, the last time being five days before the injury.

There was also evidence that the box was so placed that it made the sidewalk unsafe and dangerous.

One witness testified as follows: "Now, tell the jury, if you please, the condition of that hole with reference to the surface of the sidewalk? It was somewhat lower, three or four inches lower. I should say, and was hardly discernible. I walked over it and didn't see it until it was pointed out to me. Why was it that you couldn't see it? On account of grass that had grown up about the sides of it, and probably there were leaves over it."

There was other evidence tending to prove that the box was two or three inches lower than the general surface of the sidewalk, that grass had grown around it, that dirt and leaves covered it, or nearly so, and that the covering of the box was insecurely fastened, which was sufficient to support the verdict.

No error.