DORA BOETSCH, PLAINTIFF-APPELLEE, v. JOHN A. KENNEY, DEFENDANT-APPELLANT.

Submitted October 17, 1930—Decided April 2, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant, *Harley, Cox & Walburg.*

For the appellee, *William L. Greenbaum.*

Per Curiam.

The plaintiff brought her action in the Orange City District Court for damages for personal injuries received by her by reason of a fall on the sidewalk in front of premises owned by the defendant. The sidewalk was constructed of cement and the proofs tended to establish that several months before May 25th, 1929, the date of the occurrence, an excavation had been made in the sidewalk at the point of the accident, which resulted in the cracking of the cement and the creation of a depression or hole in the sidewalk. It was likewise testified that loose dirt and materials were left on the pavement. A photograph, marked in evidence, exhibited this condition. It was in testimony that this condition had existed for several months before plaintiff's fall.

We are not dealing with a case of failure to keep the sidewalk in repair against wear. The case was submitted to the jury upon the legal theory that the defendant had broken the pavement and made a hole therein, and that thereafter he failed to exercise reasonable care that the hole and condition so created should not make the highway unsafe for passing pedestrians. No objection was offered by defendant to this instruction and, the case having been tried on that theory, he cannot raise it now.

"The rule is settled that when an abutting owner, for his private ends, places or maintains in a public highway anything which, if neglected, will render the way unsafe for travel, he is bound to exercise due care to prevent its becoming dangerous, and that his failure to do so will render him liable for injuries received by a person passing along the highway, resulting from that negligence." *Rupp* v. *Burgess,* 70 *N. J. L.* 7; *Harrison* v. *New York Bay Cemetery,* 77 *Id.* 514.

Defendant insists there was no testimony that he created the condition and that there was no duty owing by the defendant to the plaintiff. We think there was competent evidence to go to the jury on the question of the negligence of the defendant as well as the negligence of the plaintiff. The

motions to nonsuit and to direct a verdict for defendant were properly denied.

The other point raised deals with the ruling of the trial court in permitting the defendant, on cross-examination, to be asked "So, up until February of this year you made no attempt to repair that condition. That's true, isn't it?" Defendant had already answered a similar question that he had purposely not repaired the sidewalk, so that no harm was done by its repetition. It was proper, however, in view of the introduction of a photograph taken after the accident, to show that there had been no change in the physical conditions.

The judgment of the Orange City District Court is affirmed, with costs.