BEULAH THOMAS GETTYS v. TOWN OF MARION, A MUNICIPAL
CORPORATION.

(Filed 9 October, 1940.)

**1. Municipal Corporations § 14—**

A municipality is required to exercise due care to keep its streets, sidewalks and grass plots between sidewalks and curbs in a reasonably safe condition for the purposes of travel for which they are respectively intended.

**2. Same—**

A municipality is not liable for injury caused by water hydrants, gas plugs, and other necessary obstructions unless they are negligently constructed or maintained or are in an improper place.

**3. Same—**

A municipality is not an insurer of safety of pedestrians and travelers along public ways but is liable only for defects or obstructions of which it has actual or constructive notice and from which injury may be reasonably anticipated in the exercise of reasonable care and prudence.

**4. Same—**

The mere fact of injury to a traveler or pedestrian along public ways of a municipality does not raise the presumption of negligence, the doctrine of *res ipsa loquitur* not being applicable.

**5. Same—Evidence held insufficient to show that meter box was improperly constructed or maintained or that city had actual or constructive notice of any defect.**

Plaintiff's evidence tended to show that the defendant municipality maintained a water meter in the grass plot between the curb and the sidewalk, that the ground sloped from the curb to the sidewalk so that it was about 18 inches higher at the curb, that the top of the water meter was about two inches below the surrounding ground, that sand had blown over the lid, that plaintiff, in returning to the sidewalk from a car at the curb, saw the depressed place in the ground before she stepped in it but did not realize that it was a water meter box, that the lid slipped or turned causing plaintiff to fall, to her injury. *Held:* The doctrine of *res ipsa loquitur* does not apply, and the water meter box being located in the usual place and there being no evidence that the top slipped by reason of faulty construction or negligent maintenance, nor any evidence that the city had any actual or constructive notice of the alleged defect, defendant municipality's motion for nonsuit was properly allowed.

**6. Trial § 22d—**

In granting defendant's motion for nonsuit it is not error for the court to refuse to incorporate in its judgment an excerpt from the minutes disclosing defendant's grounds for the motion, or in refusing to insert in detail the grounds upon which the nonsuit is granted.

CLARKSON, J., concurs in result.

APPEAL by plaintiff from *Armstrong, J.,* at February Term, 1940, of McDowell. Affirmed.

Civil action in tort to recover damages for personal injuries.

Plaintiff walked from the building in which she was employed across a sidewalk of the defendant to a car parked at the curb for the purpose of getting a lunch box. As she turned and started back to the building she stepped on the lid or cap of a water meter. The lid turned or slipped and she fell, suffering physical injuries. The water meter box was located on the grass or tree plot between the paved portion of the sidewalk and the curb.

The meter box consists of a hollow cylinder constructed of iron or steel about 10 inches in diameter and about 24 inches in length and is set perpendicular in the ground so that the top is slightly lower than the surrounding ground. It has a cap or lid about 11 inches in diameter which covers the top of the water meter. The ground between the curb and the sidewalk is about 18 inches high at the curb and gradually slopes down to the paved portion of the sidewalk. When the lid is off it leaves a hollow in the ground about 10 inches in diameter and about 2 feet deep. The top of the water box was 1½ or 2 inches below the dirt which had been piled around it and sand had blown over the lid where there was no grass to protect it. Plaintiff saw the depressed place in the ground before she stepped in it but did not realize that it was a meter box.

The plaintiff alleges negligence on the part of the defendant in that it placed the meter box in a dangerous place; that the meter box was negligently constructed and placed below the level of the surrounding ground where the ground was on an incline and where foreign substances accumulated at the edges and around the upright end of the water meter; that the defendant negligently failed to maintain the meter box at the top in a proper and safe condition so that the lid would not and did not fit securely; and that the town failed to properly inspect.

At the conclusion of plaintiff's evidence the defendant moved to dismiss as of nonsuit. The motion was allowed and the judgment was entered accordingly. The plaintiff excepted and appealed.

*Roy W. Davis and G. F. Washburn for plaintiff, appellant.*
*Robert W. Proctor and E. P. Dameron for defendant, appellee.*

BARNHILL, J. While it is alleged that the upright end of the hollow cylinder composing the meter box has a groove about 1½ to 2 inches deep on its upper end in which the lid or cap is supposed to fit when placed thereon, there is no evidence that the cap was not in fact properly placed in the groove or that it was otherwise defective in construction or in maintenance. The plaintiff relies upon the happening of the event as evidence tending to show that the meter box top was not properly placed or was in defective condition by reason of the sand which had

washed or blown on it, coupled with the fact that the meter box was placed between the paved portion of the sidewalk and the curb where the land sloped from the curb to the sidewalk. She saw the depression in the ground where the meter box was located before she stepped thereon but could not tell the condition in which the meter box and top was by reason of the sand which had blown over it.

Under the circumstances of this case does *res ipsa loquitur* apply? If not, the judgment below must be affirmed.

The grass plot or tree space between the sidewalk and curb is a part of the street which a municipality is bound to keep in a reasonably safe condition. 43 C. J., 989, sec. 1772; see also L. R. A., 1915 F, 797. In each case the way is to be pronounced sufficient or insufficient as it is or is not reasonably safe for the ordinary purpose of travel under the particular circumstances which exist in connection with that particular case. An obstruction or defect in a sidewalk causing an injury, to be actionable, must be such a one as to make the walk at the point of the accident dangerous or unsafe for a pedestrian using it with due care for his own protection. If the obstruction is of that character municipal responsibility follows upon competent proof of the essential elements of liability . . . obstructions which do not render the sidewalk obviously dangerous or unsafe present municipal negligence as a question of fact. . . . Necessary obstructions, such as water hydrants, gas plugs, etc., where the cause of injuries, do not make the municipality liable, provided they are not negligently constructed or maintained and are not in an improper place. 7 McQuillin Municipal Corp. (2d), sec. 2976.

The liability of a municipal corporation for injuries from defects or obstructions in its streets is for negligence and for negligence only; it is not an insurer of the safety of travelers, and it is required to exercise ordinary or reasonable care to maintain its streets and sidewalks in a reasonably safe condition for travel for those using them in a proper manner, 43 C. J., 998, but the municipality will not be liable for every defect or obstruction, however slight or trivial or little likely to cause injury, or for every mere inequality or irregularity in the surface of the way; it is only against danger which can or ought to be anticipated, in the exercise of reasonable care and prudence, that the municipality is bound to guard. 43 C. J., 1010.

The rule prevailing in this jurisdiction is well stated by *Hoke, J.*, in *Fitzgerald v. Concord*, 140 N. C., 110, as follows: "The town, however, is not held to warrant that the condition of its streets, etc., shall be at all times absolutely safe. It is only responsible for negligent breach of duty, and, to establish such responsibility, it is not sufficient to show that the defect existed and an injury has been caused thereby. It must

be further shown that the officers of the town might have discovered the defect, and the character of the defect was such that injuries to travelers therefrom might reasonably be anticipated." *Alexander v. Statesville,* 165 N. C., 527, 81 S. E., 763; *Brown v. Durham,* 141 N. C., 252; *Revis v. Raleigh,* 150 N. C., 348, 63 S. E., 1049; *Johnson v. Raleigh,* 156 N. C., 269, 72 S. E., 368; *Bailey v. Winston,* 157 N. C., 253, 72 S. E., 966; *Foster v. Tryon,* 169 N. C., 182, 85 S. E., 211; *Sehorn v. Charlotte,* 171 N. C., 540, 88 S. E., 782; *Bailey v. Asheville,* 180 N. C., 645, 105 S. E., 326; *Gasque v. Asheville,* 207 N. C., 821, 178 S. E., 848; *Houston v. Monroe,* 213 N. C., 788, 197 S. E., 571; *Watkins v. Raleigh,* 214 N. C., 644, 200 S. E., 424.

The happening of an injury does not raise the presumption of negligence. There must be evidence of notice either actual or constructive. *Seagroves v. Winston,* 167 N. C., 206, 83 S. E., 251; *Alexander v. Statesville, supra; Love v. Asheville,* 210 N. C., 476, 187 S. E., 562. The existence of a condition which causes injury is not negligence *per se. Sehorn v. Charlotte, supra.* The doctrine of *res ipsa loquitur* does not apply in actions against municipalities by reason of injuries to persons using its public streets. *City of Natchez v. Cranfield,* 124 Sou. Rep., 656.

The rules governing the liability of municipalities for personal injuries as herein stated have been applied by this and other courts in water meter cases; *Sehorn v. Charlotte, supra; Bailey v. Asheville, supra; City of Wichita Falls v. Lipscombe,* 50 S. E. (2d), 867 (Tex.); *Gatz v. City of Kerrville,* 36 S. W. (2d), 277 (Tex.); *Carvin v. St. Louis,* 52 S. W., 210 (Mo.); *Atlanta v. Hampton,* 77 S. E., 393; and in similar cases; *City of Natchez v. Cranfield, supra; Foster v. Tryon, supra; City of Covington v. Rosenberg,* 197 S. W., 786; 7 McQuillin Municipal Corp. (2d), 2976.

It is a matter of common knowledge that municipalities ordinarily place water meter boxes between the paved portion of the sidewalk and the curb and there is nothing in the evidence to warrant an inference that the meter box, upon which plaintiff stepped, was improperly placed or that its position was rendered insecure or that its top slipped out of position on this occasion by reason of faulty construction or negligent maintenance. Nor is there any evidence that the defendant had any notice, either actual or constructive, of any alleged defect in its condition. This being true, this Court would not be justified in holding that the trial court erred in entering judgment of nonsuit.

The record discloses that the minute docket in the office of the clerk of the Superior Court of McDowell County contains the following entry:

"At close of plaintiff's evidence, defendant demurs to evidence and moves to dismiss on two grounds;

"(1) No evidence of claim filed with town,

"(2) That plaintiff is guilty of such contributory negligence as will defeat her recovery.

"Motion is allowed and plaintiff excepts."

Plaintiff excepts to the refusal of the court to insert in its judgment in detail the reasons upon which the nonsuit is granted or to insert therein the excerpt from the minutes. This exception is without merit.

The judgment below is

Affirmed.

CLARKSON, J., concurs in result.