MARGARET ANN DUNNING BY HER NEXT FRIEND, WALTER F. SOWERS,
v. FORSYTH WAREHOUSE CO., T/A STAR WAREHOUSE.

(Filed 2 February, 1968.)

**1. Negligence § 1—**

Negligence is the failure to exercise proper care in the performance of
a legal duty which the defendant owed the plaintiff under the circum-
stances in which they are placed, and the breach of duty may be by a
negligent act or by a negligent failure to act.

**2. Municipal Corporations § 12;   Negligence § 34—**

While a municipality is ordinarily responsible for the condition of its
sidewalks, G.S. 160-54, the owner or occupant of abutting property may
be held liable for injuries resulting from a defect in the sidewalk created
by it.

**3. Negligence § 34—**

Evidence that defendant constructed a drainage culvert under a side-
walk adjoining its warehouse, that defendant placed over the excavation
a covering of concrete supported by a thin metal sheet, that the concrete
had become broken but that the metal sheet was intact, although cor-
roded, and that plaintiff's heel was injured when the sheet gave way un-
der plaintiff's weight, *held* sufficient to be submitted to the jury on the
issue of defendant's negligence and insufficient to show that plaintiff was
contributorily negligent as a matter of law.

APPEAL by plaintiff from *Gambill, J.,* February 13, 1967 Session,
FORSYTH Superior Court.

The plaintiff, Margaret Ann Dunning, by her next friend, insti-
tuted a civil action on December 15, 1959 to recover damages for in-
juries allegedly caused by the negligence of Forsyth Warehouse Co.,
t/a Star Warehouse. The plaintiff alleged that on May 30, 1959 she
was seriously injured when a metal covering over a drainage culvert
broke under her foot as she walked along the sidewalk on which the
defendant's property abutted. The jagged edge of the broken metal
severed her Achilles tendon, causing serious and permanent injury.

In particular, the plaintiff alleged the Star Warehouse (without
a permit required by the Winston-Salem city ordinance) cut through
and removed a narrow cross-section of the city's concrete sidewalk
for the purpose of constructing a drainage culvert to carry surface
water from its building under the sidewalk and into the city's drain-
age system. After the excavation the defendant placed over the cul-
vert a thin metal sheet, and on top of this metel sheet poured a cov-
ering of concrete sufficient to make the surface conform to the un-
disturbed portion of the sidewalk. This concrete covering had a
thickness of 1 to 1½″. The metal sheet, weakened by corrosion,
gave way when plaintiff stepped on it.

. The plaintiff and two companions were walking along the sidewalk adjacent to the defendant's building. The plaintiff was nearest the curb when she stepped on the metal covering partially concealed by weeds or grass. Her weight caused the metal cover to give way. The City of Winston-Salem was made an additional defendant.

At the trial of the cause in January, 1961, Judge Crissman sustained motions for nonsuit and dismissed the action. This Court, on January 12, 1962, affirmed the judgment. The evidence and pleadings are analyzed and discussed in this Court's opinion which is reported in 256 N.C. 190.

The plaintiff instituted the present action on February 13, 1962. In addition to the evidence produced at the former trial, the plaintiff's new evidence disclosed that Blum Construction Co., as contractors for the defendant, installed the culvert in the manner heretofore disclosed, and according to the defendant's plans and specifications.

At the conclusion of the plaintiff's evidence, Judge Gambill entered judgment of involuntary nonsuit stating as grounds therefor: (1) the plaintiff's failure to show negligence on the part of the defendant, and (2) the evidence shows contributory negligence on the part of the plaintiff.

The plaintiff excepted and appealed.

*John F. Montsinger; Deal, Hutchins and Minor by Roy L. Deal for plaintiff appellant.*

*. Hudson, Ferrell, Petree, Stockton, Stockton & Robinson by Norwood Robinson for defendant appellee.*

HIGGINS, J. On the former appeal, this Court affirmed the judgment of nonsuit and dismissed the action against the City of Winston-Salem upon the ground the plaintiff had failed to give the notice required as a condition precedent to a suit against the city. This Court also affirmed the nonsuit of the action against the present defendant upon the ground the evidence failed to show the defendant created or was responsible for the dangerous condition of the sidewalk. The evidence did not disclose who constructed the dangerous culvert, placed a thin metal sheet over the top, then added enough concrete over the metal to make the surface even with the sidewalk.

. However, the allegation and evidence against the defendant permit a finding that at the time the defendant constructed its warehouse, the city ordinance required a permit for the construction of the drainage culvert,. The contractor for the warehouse actually cut the concrete surface of the sidewalk and constructed the culvert. At the time the plaintiff received her injuries, the concrete covering

over the metal sheet near the street where the plaintiff was walking had been broken, but the metal strip was intact. The plaintiff, walking nearest the street, stepped on this metal sheet which, because of rust and corrosion, gave way under her weight. The jagged edge of the metal severed the Achilles tendon, causing serious and permanent injuries.

The plaintiff's right to recover must have its foundation in negligence. "Negligence is the failure to exercise proper care in the performance of a legal duty which the defendant owed the plaintiff under the circumstances surrounding them. *Mattingly v. R. R.*, 253 N.C. 746, 117 S.E. 2d 844. The breach of duty may be by negligent act or a negligent failure to act. *Williams v. Kirkman*, 246 N.C. 510, 98 S.E. 2d 922." *Moore v. Moore*, 268 N.C. 110, 150 S.E. 2d 75.

Ordinarily, a municipality is responsible for the condition of its sidewalks. G.S. 160-54; *Hester v. Traction Co.*, 138 N.C. 288, 50 S.E. 711. However, one other than the municipality may be held liable for injuries caused by a defect in the sidewalk if he created the defect. *Seagraves v. Winston (and Crawford Plumbing Co.)*, 170 N.C. 618, 87 S.E. 507; *Childress v. Lawrence*, 220 N.C. 195, 16 S.E. 2d 842; *Hedrick v. Akers*, 244 N.C. 274, 93 S.E. 2d 160. ". . . (I)nsofar as pedestrians are concerned, any liability of owner, or of occupant of abutting property for hazardous condition existent upon adjacent sidewalk is limited to conditions created or maintained by him, and must be predicated upon his negligence in that respect." *Klassette v. Drug Co.*, 227 N.C. 353, 42 S.E. 2d 411; *McCarthy v. Shaheen*, 264 Mass. 90, 161 N.E. 878; *Rupp v. Burgess*, 70 N.J.L. 7, 56 A. 166, 88 A.L.R. 2d 363; *Hughes v. City of New York*, 236 N.Y.S. 2d 446; *Boetsch v. Kennedy*, 9 N.J. Misc. 390, 154 A. 194, 88 A.L.R. 2d 363.

The evidence at the trial was sufficient to permit the jury to find the defendant created the defective condition which resulted in plaintiff's injuries. The Court's judgment of nonsuit because of failure to show defendant's negligence was error. However, defendant having pleaded plaintiff's contributory negligence, the judgment of nonsuit may be sustained if plaintiff's contributory negligence appears as a matter of law. *Hedrick v. Akers, supra,* citing many cases.

Did the plaintiff prove herself out of court by showing her own contributory negligence as a matter of law? The evidence permits the inference that a 1½″ covering of concrete over the metal was broken, but the evidence also discloses, or at least permits the inference, that the metal covering was unbroken, its defective condition not ordinarily observable until it gave way under the plaintiff's weight. *Bailey v. Asheville*, 180 N.C. 645, 105 S.E. 326. The new evi-

dence that defendant was responsible for the defective condition supplied the deficiency in the evidence as determined by our former opinion. The evidence presented jury questions. The nonsuit was improvidently granted.

Reversed.