LAURA G. BALDWIN, PLAINTIFF v. GTE SOUTH, INCORPORATED, DEFENDANT

No. 9214SC331

(Filed 4 May 1993)

1. **Negligence § 5 (NCI4th); Highways, Streets, and Roads § 2 (NCI4th) — placing telephone booth on highway right-of-way — no negligence per se**

    A Department of Transportation regulation prohibiting the placement of telephone booths on highway rights-of-way is *not designed to protect* pedestrians using telephone booths from injury caused by vehicular traffic, and defendant telephone company was thus not negligent *per se* in placing on a highway right-of-way the telephone booth plaintiff was using when she was struck by a dump truck.

    **Am Jur 2d, Negligence §§ 727, 728, 730.**

2. **Highways, Streets, and Roads § 2 (NCI4th) — placing telephone booth on highway right-of-way — insufficient evidence of negligence**

    Defendant telephone company was not negligent in placing on a highway right-of-way a telephone booth plaintiff was using

**BALDWIN v. GTE SOUTH, INC.**

[110 N.C. App. 54 (1993)]

when she was struck by a vehicle where the evidence showed that the booth was located in a grocery store parking lot, and before the booth was installed the owners of the grocery store represented and warranted to defendant's employees who installed the booth that it was located on the grocery store's property.

**Am Jur 2d, Highways, Streets, and Bridges §§ 1, 10.**

Judge ORR dissenting.

Appeal by defendant from judgment entered 10 December 1991 in Durham County Superior Court by Judge Coy E. Brewer, Jr. Heard in the Court of Appeals 9 March 1993.

Plaintiff originally instituted this personal injury action against defendants Essell Day, Earl J. Latta, GTE South, Incorporated (hereinafter "GTE South"), and GTE Corporation, to recover compensatory damages for injuries sustained from defendants' alleged negligence. The record reveals the following facts and circumstances:

On 19 November 1988, a collision occurred at the intersection of Hillsborough Road and Sparger Road in Durham between Linda Taylor, who was driving south on Sparger Road, and Essell Day, who was driving a dump truck, owned by Latta, west on Hillsborough Road. There was a stop sign at Sparger Road but no stop sign on Hillsborough Road. Ms. Taylor ran the southbound Sparger Road stop sign at a speed of approximately 35 m.p.h. As Ms. Taylor entered the intersection of Sparger and Hillsborough Roads, the Latta dump truck collided with the Taylor vehicle. As a result of the collision, the bumper on the Latta dump truck was pinned against its right tire. Day then traveled in a southwesterly direction toward the parking lot of the Durham Food Land store. He then crossed the center line of Hillsborough Road, left the roadway, drove into and out of the southern ditch of Hillsborough Road, and struck plaintiff, who was using a telephone booth located in the Durham Food Land's parking lot. Day traveled 130 feet before hitting the telephone booth and a total of 177 feet from the impact with the Taylor vehicle before his vehicle came to a stop. During that time, Day was unable to steer and he did not try to apply his brakes prior to striking the plaintiff.

The GTE phone booth which plaintiff was using was a pedestal-style booth with no doors. A person using the booth would face

BALDWIN v. GTE SOUTH, INC.

[110 N.C. App. 54 (1993)]

north toward Hillsborough Road. The telephone booth was located on a portion of the Hillsborough Road right-of-way, 25 feet 5 inches from the southern edge of Hillsborough Road, and approximately 36 feet 5 inches from the center line of Hillsborough Road. The dimensions of the right-of-way for Hillsborough Road vary depending on the portion of the road in question. For this particular section of Hillsborough Road, the right-of-way extended 50 feet on either side of the center line.

Plaintiff filed a voluntary dismissal without prejudice as to defendant GTE Corporation. Plaintiff settled her claims against Taylor, Day, and Latta for $450,000.00 and filed a voluntary dismissal with prejudice as to these defendants, leaving GTE South as the sole defendant. A jury verdict was returned against GTE South in the amount of $482,670.00. The trial court allowed plaintiff a recovery from GTE South in the amount of $32,670.00, which represents the difference in the jury verdict and the $450,000.00 allowed by the court in set-off sums previously paid to plaintiff in settlements. The trial court also awarded plaintiff $33,799.61 in prejudgment interest from GTE South. Defendant GTE South appeals.

*Kirby, Wallace, Creech, Sarda & Zaytoun, by Robert E. Zaytoun and Patricia L. Wilson, for plaintiff-appellee.*

*Faison, Fletcher, Barber & Gillespie, by O. William Faison and Gary R. Poole, for defendant-appellant.*

WELLS, Judge.

On 1 October 1991, the trial court ruled, *in limine*, that a Department of Transportation regulation prohibiting placement of commercial telephone booths in rights-of-way was a safety regulation. The court also ruled that pedestrians using such installations are within the class of persons protected by the regulation. At trial, GTE South moved for a directed verdict both at the end of plaintiff's evidence and at the close of all evidence. Both motions were denied. During its charge, the court instructed the jury on the issue of negligence per se.

[1] Although defendant sets forth seven individual assignments of error for our review, the sole issue before us is whether the trial court erred in denying defendant's motion for directed verdict. Specifically, defendant contends the trial court erred in determining

(a) that the Department of Transportation's (DOT) policy prohibiting telephone booths on highway rights-of-way is a public safety regulation, and (b) that plaintiff, a pedestrian using the telephone booth, is in the class of persons the regulation was designed to protect, making a violation of such regulation negligence per se.

The DOT has adopted the following regulation pursuant to its statutory authority under G.S. § 136-18(10):

### TELEPHONE BOOTHS

Telephone pay-station booths or other commercial telephone installations are not permitted on highway rights-of-way, except in rest areas or truck weigh stations.

Plaintiff contends that this regulation is aimed at protecting pedestrians using telephone booths from injury caused by vehicular traffic. We disagree.

It is well settled by our courts that violation of a public safety statute is negligence per se. *Goodman v. Wenco Foods, Inc.*, 333 N.C. 1, 423 S.E.2d 444 (1992). "A member of a class protected by a public safety statute has a claim against anyone who violates such a statute when the violation is a proximate cause of injury to the claimant." *Hart v. Ivey*, 332 N.C. 299, 420 S.E.2d 174 (1992). Defendant's violation of a statute, however, will not constitute negligence per se unless plaintiff belongs to the class of persons which the statute was intended to protect. *Belk v. Boyce*, 263 N.C. 24, 138 S.E.2d 789 (1964). Where a statute or regulation is designed to promote safety and creates a specific duty for the protection of others, its violation is negligence per se. *Hutchens v. Hankins*, 63 N.C. App. 1, 303 S.E.2d 584, *disc. rev. denied*, 309 N.C. 191, 305 S.E.2d 734 (1983). Such safety statutes create a minimum standard of care and conduct inconsistent with statutory mandate will be deemed unreasonable.

A court may determine that a legislative enactment either explicitly or implicitly creates a minimum standard of care required to avoid liability for negligence. However, not every statute purporting to have generalized safety implications may be interpreted to automatically result in tort liability for its violation. Instead, a court should look at the statute's purpose in determining whether to adopt the statutory mandate as the reasonable man standard.

**BALDWIN v. GTE SOUTH, INC.**

[110 N.C. App. 54 (1993)]

The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part

(a) to protect a class of persons which includes the one whose interest is invaded, and

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.

*Hutchens, supra, (quoting.* Restatement of Torts § 286). We therefore must first examine the purpose of the adoption of the DOT telephone booth regulation.

"The general purpose of the laws creating the Department of Transportation is that said Department of Transportation shall take over, establish, construct, and maintain a statewide system of . . . highways . . . ." N.C. Gen. Stat. § 136-45. "The State Highway Commission [now DOT] was created by the General Assembly . . . as [a] . . . State agency or instrumentality, and is charged with the duty of exercising certain administrative and governmental functions for the purpose of constructing and maintaining State . . . public roads." *Highway Commission v. Batts*, 265 N.C. 346, 144 S.E.2d 126 (1965). "All the other powers it possesses are incidental to the purpose for which it was created." *Id., (quoting DeBruhl v. Highway Commission*, 245 N.C. 139, 95 S.E.2d 553 (1956) ).

N.C. Gen. Stat. § 136-18 sets forth the many powers of the DOT, broadly and specifically. These powers include, *inter alia*, the authority to acquire and maintain rights-of-way for roads and highways, including the authority to regulate the use of such rights-of-way, pertinent to the case now before us, under the provisions of G.S. § 136-18(10):

To make proper and reasonable rules, regulations and ordinances for the placing or erection of telephone, telegraph or other poles, signboards, fences, gas, water, sewerage, oil, or other pipelines, and other similar obstructions that may, in the opinion of the Department of Transportation, contribute to the

BALDWIN v. GTE SOUTH, INC.

[110 N.C. App. 54 (1993)]

hazard upon any of the said highways or in any wise interfere with the same, and to make reasonable rules and regulations for the proper control thereof. And whenever the order of the said Department of Transportation shall require the removal of, or changes in, the location of telephone, telegraph, or other poles, signboards, fences, gas, water, sewerage, oil, or other pipelines, or other similar obstructions, the owners thereof shall at their own expense move or change the same to conform to the order of said Department of Transportation. Any violation of such rules and regulations or noncompliance with such orders shall constitute a misdemeanor.

It is clear that in this legislative scheme, the authority and powers set forth in G.S. § 136-18(10) are intended to allow the DOT to protect the integrity of its rights-of-way, which are there to begin with to accommodate the construction and maintenance of roads and highways.

These circumstances lead us to the conclusion that the DOT prohibition against telephone booths in or upon highway rights-of-way does not include pedestrians within the class of protected persons. While the DOT's regulation may have safety implications, it does not provide a basis for negligence claims by this plaintiff. *See NCNB v. Gutridge*, 94 N.C. App. 344, 380 S.E.2d 408, *disc. rev. denied*, 325 N.C. 432, 384 S.E.2d 539 (1989).

[2] At trial, the burden was upon plaintiff to show an act or acts of negligence by GTE upon which liability to plaintiff might be founded. Having determined that the location of the booth in the right-of-way was not negligence per se, we look to the evidence to determine whether there was any basis for holding GTE liable.

At trial, the undisputed evidence as to the location and placement of the telephone booth plaintiff was using was as follows: The telephone booth was located in the parking lot of Durham Food Land (grocery store). Before the booth was installed, the owners of the Durham Food Land property represented and warranted to the GTE employees who installed the booth that it was on Durham Food Land's property. Under these circumstances, we discern no act of negligence on GTE's part in its placement of the telephone booth, and therefore hold that its motion for directed verdict should have been allowed.

For the reasons stated, the judgment below must be and is

Reversed.

Judge ORR dissents in a separate opinion.

Judge MARTIN concurs.

Judge ORR dissenting.

The majority, in my opinion, construes the public safety scope of the statute in question too narrowly. There can be no doubt that the statute was designed to protect the motoring public from the hazards incumbent with a car leaving the traveled portion of a highway and striking a fixed object such as a phone booth. However, to limit protection to the motorist in the car and not include the relatively unprotected person utilizing the phone booth is too restrictive an application. Under the majority's interpretation, a motorist striking a booth that violates the statute would be covered by the statute, but if that driver parked his car and was injured using the phone booth, no protection would exist.

The trial court correctly denied the defendant's motion for a directed verdict; and, for the above stated reasons, I dissent from the reversal of the trial court's ruling.