BARBARA J. WILLIAMS, Plaintiff v. THE CITY OF DURHAM, Defendant and Third-Party Plaintiff v. EURO CLASSICS, LTD., Third-Party Defendant and Third-Party Plaintiff v. DURHAM COUNTY, Third-Party Defendant

No. COA95-276

(Filed 20 August 1996)

**Highways, Streets, and Roads § 54 (NCI4th); Negligence § 150 (NCI4th)— fall on defective sidewalk—no duty of abutting landowner to maintain**

In an action against defendant city to recover for injuries sustained by plaintiff when she fell upon a "sunken, depressed area" of a public sidewalk wherein the city commenced a third-party action against defendant auto sales and repair business, alleging that third-party defendant failed to property maintain the level of its driveway as required by the city code and breached its common law duty to repair or properly construct the sidewalk abutting its property when it installed its driveway approach, the trial court properly entered summary judgment for third-party defendant, since the purpose of the section of the city code in question was not to protect a class of persons, *i.e.*, pedestrians, from injury resulting from failure to maintain driveways in good repair, and defendant therefore could not be found liable based upon the notion that its alleged violation of the code constituted negligence *per se*; there was no common law duty on the part of defendant property owner to repair sidewalk defects caused by the owner's use of the sidewalk as a driveway, as the common law rule is that the duty to keep sidewalks reasonably safe rests with the municipality rather than with abutting landowners; there was no indication in the record that defendant "actively created" a defect in the driveway, the allegation simply being that customary use of the driveway by vehicles over the years caused "normal

deterioration"; and using a portion of the sidewalk as a driveway does not constitute a "special use" such that the abutting property owner has a duty to repair damage to the sidewalk caused by such activity.

**Am Jur 2d, Highways, Streets, and Bridges §§ 103-105, 340-342, 345-348, 394, 487.**

**Insufficiency of notice of claim against municipality as regards statement of place where accident occurred. 69 ALR4th 484.**

Appeal by defendant and third-party plaintiff City of Durham from consent judgment entered 15 December 1994 by Judge Anthony M. Brannon and summary judgment entered 29 March 1993 by Judge Robert L. Farmer in Durham County Superior Court. Heard in the Court of Appeals 5 December 1995.

*Faison & Fletcher, by Reginald B. Gillespie, Jr., and Keith D. Burns, for defendant and third-party plaintiff-appellant City of Durham.*

*Porter & Steel, PLLC, by Charles L. Steel, IV, and Susan Haney Hargrove, for third-party defendant-appellee Euroclassics, Ltd.*

*Bentley & Kilzer, by Charles A. Bentley, Jr. and Susan Kilzer*

*Durham County Attorney's Office, by Lowell L. Siler for Durham County.*

JOHN, Judge.

Defendant and third-party plaintiff City of Durham (the City) appeals a consent judgment designating as a "final judgment" the trial court's previous entry of summary judgment in favor of third-party defendant Euroclassics, Ltd. (Euroclassics). The City contends summary judgment was improper. We disagree.

Pertinent facts and procedural information are as follows: plaintiff Barbara J. Williams instituted the instant action 3 April 1992 against the City in consequence of injuries sustained in falling upon "a sunken, depressed area" of a public sidewalk in Durham. Plaintiff's complaint alleged, *inter alia*, that the City breached its duty to maintain said public sidewalk in a reasonably safe condition for pedestrian travel.

**WILLIAMS v. CITY OF DURHAM**

[123 N.C. App. 595 (1996)]

The City filed answer denying liability, and on 21 September 1992 commenced a third-party action against Euroclassics, an auto sales and repair business located on property abutting the portion of sidewalk upon which plaintiff fell. The City alleged plaintiff's injury was caused by the negligence of Euroclassics in that the latter: (1) "failed to properly maintain the level of its driveway as required by § 18-63 of the Durham City Code," and (2) "breached its common-law duty to repair or properly construct the sidewalk abutting its property when it installed its driveway approach."

Euroclassics' subsequent motion for summary judgment was allowed 29 March 1993 and the City appealed. However, this Court dismissed the appeal as interlocutory. The City thereafter reached a settlement with plaintiff, and a consent judgment filed 15 December 1994 designated the earlier entry of summary judgment in favor of Euroclassics a "final judgment." On 9 January 1995, the City again filed notice of appeal to this Court.

Summary judgment is proper only where

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

N.C.R. Civ. P. 56(c). The burden of establishing the lack of a triable issue rests with the moving party, and the facts will be viewed in the light most favorable to the non-moving party. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985).

The City advances several theories under which it contends Euroclassics may be held liable for plaintiff's injuries. First, the City points to § 18-63 of the Durham City Code (the Code), and argues the provisions thereof establish a duty of care on the part of Euroclassics to maintain the sidewalk abutting its property. Upon breach of that duty, the City continues, Euroclassics is liable to pedestrians injured by its negligence. The Code section at issue provides:

Driveway approaches shall cross the sidewalk area at the sidewalk grade established by the City.

In essence, the City argues violation of the foregoing Code section constitutes negligence *per se*. We agree that public safety statutes customarily set forth a standard of care such that noncompliance constitutes negligence *per se. See Baldwin v. GTE South,*

*Inc.,* 110 N.C. App. 54, 57, 428 S.E.2d 857, 859, *cert. denied,* 334 N.C. 619, 435 S.E.2d 331 (1993), *rev'd on other grounds,* 335 N.C. 544, 439 S.E.2d 108 (1994). However,

> not every statute purporting to have generalized safety implications may be interpreted to automatically result in tort liability for its violation.

*Id.* This Court must examine the purpose of the ordinance in deciding whether to adopt its behavioral mandate as the standard of care for a reasonable person. *Id.* at 57, 428 S.E.2d at 859-60.

> The court may adopt as the standard of conduct of a reasonable [person] the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
>
> (a) to protect a class of persons which includes the one whose interest is invaded, and
>
> (b) to protect the particular interest which is invaded, and
>
> (c) to protect that interest against the kind of harm which has resulted, and
>
> (d) to protect that interest against the particular hazard from which the harm results.

*Id.* at 58, 428 S.E.2d at 860 (quoting Restatement (Second) of Torts § 286 (1965)).

Scrutiny of the Code provision in question reveals that, although it may have "generalized safety implications," *id.* at 57, 428 S.E. 2d at 859, it is not a public safety law. The section can fairly only be read to mandate that driveways intersecting sidewalks be constructed and installed at a height level with that of the adjacent sidewalk. The statute in no way establishes a requirement that abutting property owners repair damage to driveways so that pedestrians do not, for example, trip and fall upon holes in the surface thereof.

In short, we decline to find the purpose of Code § 18-63 to be "to protect a class of persons," *i.e.,* pedestrians, from injury resulting from failure to maintain driveways in good repair. *See id.* at 58, 428 S.E.2d at 860. Accordingly, Euroclassics may not be found liable based upon the notion that its alleged violation of § 18-63 of the Code constituted negligence *per se.*

The City next posits a common law duty on the part of a property owner to repair sidewalk defects caused by the owner's use of the sidewalk as a driveway. The City claims wear and tear occurred in the area comprising the intersection of Euroclassics' driveway with the sidewalk due to the automobiles of employees and customers regularly driving in and out of the business over that portion of the sidewalk.

The well-established common law rule is that the duty to keep sidewalks in a reasonably safe condition rests with the municipality rather than with abutting landowners. *See* 19 Eugene McQuillin, *The Law of Municipal Corporations* § 54.42.20 (3d ed. 1994); C.P. Jhong, Annotation, *Liability of abutting owner or occupant for condition of sidewalk*, 88 A.L.R.2d 331, 340 (1963). In North Carolina, this duty is imposed as well by statute; N.C.G.S. § 160A-296(a)(1) states cities shall have the "duty to keep the public streets, sidewalks, alleys, and bridges in proper repair." Nothing else appearing, therefore, the City's reliance on the common law is unavailing.

However, citing *Dunning v. Warehouse Co.*, 272 N.C. 723, 725, 158 S.E.2d 893, 895 (1968) (liability to pedestrians limited to condition "created or maintained" by landowner and "must be predicated on his negligence in that respect"), the City asserts that abutting landowners may be liable in limited circumstances for injuries caused by sidewalk defects they themselves have actively created. *See also* McQuillin, *supra* (owner of premises abutting sidewalk under "duty to refrain from any affirmative act that would render the sidewalk dangerous for public travel").

In *Dunning*, defendant warehouse cut through and removed a section of the abutting sidewalk to construct a drainage culvert. Defendant placed a thin metal sheet over the opening and then covered it with a layer of concrete. Plaintiff was injured when she stepped through the metal sheet, which was weakened with rust and corrosion and exposed due to broken concrete. The Court held the evidence "was sufficient to permit the jury to find the defendant created the defective condition which resulted in plaintiff's injuries." 272 N.C. at 725, 158 S.E.2d at 895.

The City therefore argues that, by using a portion of the sidewalk as a driveway and thereby eroding the sidewalk surface over the years, Euroclassics may be said to have "created" a defect in the sidewalk. The Appellate Court of Illinois, when requested to hold that a service station had "created" a hole in a sidewalk by allowing the pas-

sage of automobiles in and out of the intersecting driveway, responded:

> An abutting landowner has a right to make reasonable use of sidewalks and driveways for the ingress and egress from his property. . . . There was no showing that [defendant gas station] actively created an unsafe condition other than speculation that normal deterioration incident to the use of the driveway occurred over time.

*Repinski v. Jubilee Oil Co.*, 405 N.E.2d 1383, 1389-90 (1980).

As in Illinois, North Carolina landowners have a basic right to access public highways from their property. *Dept. of Transportation v. Harkey*, 308 N.C. 148, 151, 301 S.E.2d 64, 67 (1983). Furthermore, unlike the circumstances in *Dunning* upon which the City relies, there is no indication in the instant record that Euroclassics "actively created," *Repinski*, 405 N.E.2d at 1389, a defect in the driveway which caused plaintiff's fall, the allegation simply being that customary use of the driveway by vehicles over the years caused "normal deterioration," *id.* at 1390, in the sidewalk portion of the surface. The City's reliance on the "created defect" theory of liability thus is also unfounded.

However, the City further contends that using a portion of the sidewalk as a driveway constitutes a "special use" such that the abutting property owner has a duty to repair damage to the sidewalk caused by such activity. Indeed, certain jurisdictions have adopted this modification of the common law. *See generally*, 88 A.L.R.2d, *supra*, at 383-86.

The "special use" exception may be summarized as follows:

> Where a sidewalk was constructed or altered for the special benefit of the abutting property and served a use independent of the ordinary use for which sidewalks are designed, or where a sidewalk, though not specifically constructed or altered for the special benefit of the abutting property, has been used for such benefit, the owner or occupant of the property . . . owes a duty to the public to maintain the sidewalk in a reasonably safe condition, and hence he may be held liable for injuries resulting from a defective or dangerous condition created by such special use of the sidewalk, particularly where such use is improper, extraordinary, or excessive under the circumstances.

*Id.* at 380.

**WILLIAMS v. CITY OF DURHAM**

[123 N.C. App. 595 (1996)]

It is unnecessary for us to consider whether to adopt the "special use" exception. Assuming *arguendo* the exception to be applicable in North Carolina, we do not believe the record in the case *sub judice* supports a determination that Euroclassics' use of a portion of the sidewalk for ingress and egress to its business constituted a "special use" imposing a duty to repair.

As noted above, the City's contention below was merely that ordinary use of the driveway in question over the years for ingress and egress of vehicles caused a deterioration in the sidewalk portion of the surface. Regarding a similar allegation, a California court stated:

> Certainly, in this day and age, the use of a sidewalk as a driveway to the abutting property is not a peculiar or unusual use of such sidewalk. It is one of the ordinary and accustomed uses for which sidewalks are designed. . . . The use of part of the sidewalk as a driveway is imperative in most, if not all, locations. Such use is no more peculiar or unusual than using the sidewalk for pedestrians who desire to visit the owners of the abutting property.

*Winston v. Hansell,* 325 P.2d 569, 573 (Cal. Dist. Ct. App. 1958).

Further, the Supreme Court of Alabama observed that customers who gain access to a business via a driveway running over the sidewalk are "as much a part of the traveling public when crossing the sidewalk as when they were driving in the streets approaching it." *City of Bessemer v. Brantley,* 65 So.2d 160, 165 (1953). *Cf. State v. Perry,* 230 N.C. 361, 364, 53 S.E.2d 288, 290 (1949) (driveway over sidewalk considered public highway for purposes of statute criminalizing driving under the influence on public highways; "When [a proprietor] and those whom he invites to visit his premises exercise this right of ingress and egress, they pass from private property to public way at the property line."). Accordingly, stated the Alabama court,

> [w]e cannot see that the liability of [an abutting property owner or lessee] is different from that which would have existed had the appellee been injured by a depression, not in the sidewalk, but in the street.

*Id.*

Under the circumstances *sub judice,* therefore, the record reflects no "special use" of the sidewalk portion of the driveway in question save for normal ingress and egress by automobiles of patrons and employees of Euroclassics. *See also Whitlow v. Jones,*

895 P.2d 324, 326 (Or. Ct. App. 1995) ("[A]lthough a business establishment [here, an apartment complex] derives special advantage from the use of a sidewalk by its business invitees for ingress to and egress from the business, that use is not a special use for liability purposes, because it is customary and normal."); *Votsis v. Ward's Coffee Shop, Inc.*, 231 S.E.2d 236 (Va. 1977) (use of sidewalk by customers of coffee shop and supermarket to obtain access to parking lot was lawful and normal, and imposed no duty on those businesses to repair sidewalk); *see generally* 88 A.L.R.2d, *supra*, at 386-89.

We note in closing that we have not been called upon to address, and therefore express no opinion regarding, whether a municipality may delegate by ordinance its duty to repair sidewalk damage to an abutting landowner, and further whether, if such duty may be delegated, a landowner may be held liable to a pedestrian injured in consequence of the landowner's failure to comply with such ordinance.

As the City showed no legal duty on the part of Euroclassics to repair defects alleged to have existed in the latter's driveway, Euroclassics was entitled to judgment as a matter of law on the City's third-party claim, and the trial court did not err by entering summary judgment in favor of Euroclassics.

Affirmed.

Judge LEWIS concurs.

Judge WYNN concurs in the result only.